# SUPREME COURT.

## Benjamin A. Whiteman agt. Frank Leslie.

*New trial — Excessive damages — Surprise — Newly-discovered evidence.*

In general, where there is no certain measure of damages, the court will not disturb the verdict of the jury on account of damages awarded, except for prejudice, passion or corruption of the jury, and where the verdict is palpably against the evidence.

In actions for personal torts the court will seldom grant a new trial for excessive damages.

A defendant cannot allege *"surprise"* as a ground for a new trial, as to a matter in respect to which he cross-examined the plaintiff's witnesses closely, and also introduce evidence in his own behalf on the trial.

In an action for libel the defendant should be prepared on the trial to show the defendant's bad character in mitigation of damages, he cannot afterwards move for a new trial on the ground of newly-discovered evidence upon the subject.

*Special Term, May, 1876.*

Motion for a new trial made upon a case and upon affidavits alleging surprise and upon the ground of newly-discovered evidence.

The action was *libel* and the verdict was for $4,500. The damages were claimed to be excessive.

*John McKeon*, for motion.

*John D. Townsend*, opposed.

Van Vorst, *J.* — I have carefully considered this motion with a view to discover whether the defendant may be relieved from the verdict and have a new trial.

Whiteman agt. Leslie.

I am constrained to the opinion that upon neither of the grounds urged by the learned counsel for the defendant, under the authorities and practice of this court, is it proper for me to interfere with the result on this motion.

I had much question as to the ground of "surprise" and the "amount of the damages."

The damages are large. I thought so when the verdict was rendered, but yet I am not prepared to say that the determination of the jury on that subject should be interfered with by me.

There is no evidence of any improper bias, prejudice, perversion of judgment or misconduct of the jury; and in actions of this character it is not the practice of the court to interfere with the verdict of the jury unless it can be said that, in every aspect under which the case went to the jury, the amount of the verdict is excessive.

In general, where there is no certain measure of damages, the court will not disturb the verdict, except for prejudice, passion or corruption of the jury, and where the verdict is palpably against the evidence (*Hilliard on New Trials*, 563, *and cases cited*).

In *Gilbert* agt. *Brutenshaw* (*Cowper*, 230) it is said that in personal torts the court will seldom grant a new trial for excessive damages. ·

In *Walker* agt. *Erie Railway Company* (63 *Barb.*, 267) DANIELS, J., says, "the law has committed the determination of the amount of damages to be awarded to the experience and good sense of the jury, and where the verdict rendered by them may reasonably be presumed to have resulted from an honest and intelligent exercise of judgment upon their part the policy of the court is, and necessarily must be, not to interfere with their conclusion." That action was for the recovery of damages for a personal injury (*Coleman* agt. *Southwick*, 9 *Johns.*, 45; *Cook* agt. *Hill*, 3 *Sand.*, 341).

The jury, without doubt, put an unfavorable construction upon the publication of the article by the defendant after it

had been retracted by the "World" newspaper. They may have believed that it was the duty of the defendant to know of such retraction before he published the article.

Then the delay on the defendant's part in publishing a "retraction" until some time after the action was commenced, and an order of arrest had been granted, may have had influence with the jury on the subject of damage.

These considerations were urged by the plaintiff's counsel on the trial.

The "surprise" alleged by the defendant's counsel is in regard to the evidence given on the trial by the plaintiff in relation to a call made by him at the defendant's office for a retraction before suit brought. But after such evidence was given no application was made to postpone the trial on that account to enable the defendant to produce his witnesses on that point.

On the other hand the plaintiff was closely cross-examined upon that subject, and the defendant's counsel introduced evidence tending to show that the plaintiff had not called at the defendant's office. Further evidence on the defendant's behalf in that direction would, therefore, be cumulative (*Hatfield* agt. *Macy*, 52 *How.*, 193).

With regard to the ground of " newly-discovered evidence " the defendant should have been prepared on the trial to show the plaintiff's character in mitigation of damages, if it was bad. It was not safe to rely, without further inquiry, upon the allegation of his counsel that the plaintiff sustained an unblemished reputation. Upon such subject the counsel might be mistaken. Besides the plaintiff's counsel denies, in effect, that he made such statement: but upon an examination of the affidavits made on this motion the weight of evidence as to the goodness of the plaintiff's character appears to be with him.

For these reasons I must conclude that the motion for a new trial on these grounds should be denied.

The exceptions arising on the trial to the rulings of the

Whiteman agt. Leslie.

court, to the judge's charge, and his omission to charge as requested by the defendant's counsel, are not considered at this time upon the defendant's motion, and are subjects of consideration by the general term on an appeal from the judgment, at which time can also be heard an appeal from the order denying the defendant's motion for a new trial on the grounds now specifically urged, and which may, to the general term, appear to be sufficient for the purpose.