### STEPHENS *v.* HUDSON VAL. KNITTING CO.

(*Supreme Court, General Term, Third Department.*  November 22, 1892.)

PERSONAL INJURIES—VERDICT—WHEN NOT EXCESSIVE.

    In an action by an employe for personal injuries caused by defendant's negligence, it appeared that plaintiff was a woman about 21 years old, earning about $7.50 per week; that her injuries caused *anæsthesis* and paralysis of the back; also *paresis* and other difficulties; that she had been confined on her back for 15 months, had suffered great pain, and that there was but slight probability that she would ever recover.  *Held,* that an order setting aside a verdict of $5,500 in favor of plaintiff, unless she would stipulate to reduce it to $2,000, was erroneous.

Appeal from circuit court, Saratoga county.

Action by Mary E. Stephens against the Hudson Valley Knitting Company to recover damages for personal injuries caused by defendant's negligence, and received by plaintiff while in defendant's employ.  There was a verdict for plaintiff for $5,500.  From an order setting aside the verdict as excessive, unless the plaintiff should stipulate to reduce the verdict to $2,000, plaintiff appeals.  Reversed.

The plaintiff, at the time not quite 21 years old, was employed in defendant's mill to operate a sewing machine, earning from $5.16 to $9.90 per week.  While sitting at her work, a pile of knit goods, some seven feet high, fell over, struck her chair, pressed against her back, and forced her head down to the machine.  Her mouth bled from some cuts.  She was taken home, put to bed, and was attended by defendant's physician until the next day, when her family physician took charge.  At the time of the trial, 15 months after the injury, she was still confined to her bed, and had at no time since the injury been able to be off her back.  Her physician had visited her 115 times.  She had constantly suffered great pain, and the testimony of her physician showed that she suffered from paralysis and *paresis;* that during the first few months there was *anæsthesis* across the small of the back; that just before the trial she was suffering from chronic inflammation about the *vertibræ;* that there was inflammation of the ligament; and he thought the cartilage between the *vertibræ* was involved.  He also testified that "the condition is very much improved now from what it was the first few months. Even under the most favorable circumstances, the strength of the back will be lost," and that the probabilities were that if she should ever be able to get up and walk, she could only walk with difficulty and pain; that she may be able to do light work, but never anything that requires any great exertion. This evidence was qualified but little by the evidence for defendant.  Prior to her injury, the plaintiff's health had always been good.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Smith & Wellington,* (*C. B. Wellington,* of counsel,) for appellant.  *William Shaw,* (*Matthew Hale,* of counsel,) for respondent.

HERRICK, J.  In action for damages for torts it is the well-established law of this state that verdicts of juries will not be set aside for excessiveness, unless the amount is so great as manifestly to show that the jury must have actuated by passion, partiality, prejudice, or corruption.  *Coleman* v. *Southwick,* 9 Johns. 45; *Gale* v. *Railroad Co.,* 13 Hun, 1; *Minick* v. *City of Troy,* 19 Hun, 253; *Gale* v. *Railroad Co.,* 53 How. Pr. 385; *Whiteman* v. *Leslie,* 54 How. Pr. 495; *Collins* v. *Railroad Co.,* 12 Barb. 492.  While the court may in such cases have the power to reduce the amount of the verdict, and, if the prevailing party refuses to accept such reduction, order

that the verdict be wholly set aside, yet, if it has such power, its exercise should be governed by the same principles which control the court in setting aside the verdict as an entirety. I can see nothing in this case that warrants the inference that the jury was actuated by any improper motives. This is not a case where there are several causes of action, or where they are separate and distinct items, some of which the court can strike out for error of fact or law, and thus reduce the verdict. *Porter* v. *Dunn*, 131 N. Y. 314, 30 N. E. Rep. 122; *Whitehead* v. *Kennedy*, 69 N. Y. 462. The case is one of that kind where, if the plaintiff is entitled to recover at all, it is peculiarly the province of the jury to say how much she is entitled to recover. The question of damages in such cases is one which it is the special duty of the jury to determine, and, while the court may reduce a verdict, it seems to me that ordinarily, if the court thinks the verdict is so large as to indicate that the jury was actuated by improper motives, it is better to set the verdict entirely aside, and have another jury pass upon it, rather than determine itself what the verdict should be, and thus assume and exercise the functions of a jury; and I find nothing in this case that makes it an exception to what should be the rule in such cases. The order appealed from should be reversed, with costs and printing and other disbursements. All concur.