(6 Misc. Rep. 162.)

### SMITH v. MATTHEWS et al.

(Superior Court of Buffalo, Special Term.    May, 1893.)

LIBEL—PUNITIVE DAMAGES—WANTON PUBLICATION.
    Where defendant was guilty of such carelessness as constituted a wanton publication of a falsehood, punitive damages may be awarded, though there was no actual malice.

Action by Smith against Matthews and others for libel. Defendants move for a new trial on a case and exceptions. Denied.

Lyman M. Baker, for plaintiff.
Charles B. Wheeler, for defendants.

HATCH, J. Plaintiff recovered a verdict for libel in the sum of $4,000, which defendants now move to set aside, mainly upon grounds of alleged error contained in the charge. It was admitted that the article complained of was libelous, that defendants published it in two issues of their paper, and the jury found that it was written of and concerning the plaintiff, which latter fact the answer put in issue. Further allegations of the answer plead matters in mitigation of damages. The libel charged plaintiff, a married woman, with eloping with a man named Rutherford. It therefore imputed to her unchastity, and was libelous per se. Neither this fact, nor the conclusion of law arising therefrom, was controverted upon the trial, nor is it now. The defendants, however, showed that their agent, an editor, charged with the duty of editing telegraphic matter, received the article in the usual course, by telegraph, with other mat-

ter, from one of the news agencies of the country; that said agent caused the head lines to be written, and the article published in good faith, with a belief in its truthfulness; that defendants had no knowledge of the publication of the article, and were without such knowledge of the publication of the article in fact, and were without such knowledge until the commencement of this action, about a year after the publication; that immediately they caused to be published and circulated through their paper a full retraction of the charge, made due apology, and expressed their regret for having published it. It also appeared that the defendants had no acquaintance with or knowledge of the plaintiff or Rutherford until this action was brought, and that they were not actuated with malice towards them, or either of them, at the time of the publication or since.    It further appeared that defendants had a correspondent in the city of Toronto, where the plaintiff lived, and where the alleged elopement took place, and that they could have easily verified the truthfulness or untruthfulness of the charge in a short time at little expense, and that their agent had authority to make such inquiry, if he deemed it proper so to do, but that he made no investigation, and relied entirely upon the statements contained in the article, and the source from which it was received.    Plaintiff's counsel, both before the court and in his address to the jury, expressly disclaimed any express malice existing in the minds of the defendants towards the plaintiff.    His claim was and now is that while there was no actual malice on the part of the defendants, or either of them, yet that they were guilty of such carelessness and negligence in its publication as characterized it as a wanton publication of a falsehood, and from that the jury would be authorized to impute malice and award punitive damages. Defendants claim there was no basis to award punitive damages upon the evidence, and plaintiff's disclaimer of any claim of actual malice expressly removed this element from the case.    The respective positions present one of the questions on this motion.    In Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701, the rule is laid down that punitive damages may be awarded, not alone where the publication is made in bad faith, and in fact malicious, but where it is recklessly, carelessly, or wantonly made.    In Warner v. Publishing Co., 132 N. Y. 185, 30 N. E. 393, this statement is made:    "A libel recklessly or carelessly published, as well as one induced by personal ill will, will support an award of punitive damages."    The cases relied upon by defendants in this regard (Hamilton v. Railroad Co., 53 N. Y. 30; Cleghorn v. Railroad Co., 56 N. Y. 44; Donivan v. Railway Co., 1 Misc. Rep. 368, 21 N. Y. Supp. 457) have no application to this case, for the reason that in each of them there was a lack of proof to show gross negligence upon the part of the corporation itself, which is a prime requisite in that class of cases, and must be established by proof extrinsic to the inquiry. In the present case, the libel being established, its falseness imputes the malice, without further proof.    This distinction is very clearly pointed out in Samuels v. Association, 9 Hun, 295, in the dissenting opinion by Mr. Justice Davis, adopted by the court of appeals, (75 N. Y. 604,) and reiterated in Bergmann v. Jones, 94 N. Y. 62.    The disclaimer

of plaintiff, here, went no further than to exclude personal ill will and hatred on the part of the defendants, and was so understood upon the trial. I find no distinction in the authorities between what is known technically as "actual malice," or, in other words, "hatred and ill will," as a basis for awarding punitive damages; and, where such damages rest for support upon a careless and wanton act, each alike furnishes ground for the award. It is quite likely that a jury would regard the former with more disfavor than the latter, but this only goes to the degree of punishment, not to the right to inflict it. I am of the opinion that the evidence warranted the submission of this question to the jury, for when the defendants had provided means of publication, and intrusted to an agent the discretionary power of publishing or rejecting, investigating or taking chances of the truthfulness of, an article, his recklessness becomes theirs, and it rested with the jury to characterize the act, and withhold or award punishment.

We are now to see if there was any error in the submission of this case to the jury. The court first instructed the jury, as applied to the facts of the case, what constituted a libel; declared the article to be a libel, if false, and submitted to them whether it was published of and concerning the plaintiff; then stated the rules governing the assessment of actual damages, and how measured. With this no fault is found. The court then charged that the jury might go further, and find from the publication malice in fact, and, if such was found, then authority existed to award punitive damages. To this part of the charge, defendants excepted, and now argue that error was committed, as defendants had disclaimed actual malice. As we have already seen, malice can be imputed from personal ill will, actual malice, or from heedlessness and wantonness. If the charge had remained silent upon this subject, doubtless the criticism would be effectual, in view of the disclaimer and conceded facts; but the charge did not stop here, for it then proceeded to state defendants' position as follows:

"It is expressly stated by counsel for the plaintiff that he makes no claim that they were actuated in the publication of this article by express malice, so you will see that you cannot draw from these circumstances express malice. These defendants bore the plaintiff no ill will, nor her husband, and, so far as this case discloses, had no desire to injure her, so far as they were actuated by any intent in their minds, and consequently that becomes an important matter for you to take into consideration in determining the extent to which you will punish these defendants for the injury done."

Again, in speaking of the published retraction by defendants, the court further charged:

"That, like their present disclaimer from the stand, is to be taken by you, conclusively, that in the minds of these defendants there was no intent, at any time, to inflict injury upon this plaintiff. * * * And that strikes out from this case, so far as the defendants are concerned, actual malice and intent."

The charge then proceeds to refer to the facts from which recklessness and wantonness could be inferred, and makes this statement:

"And if you shall be satisfied, taking into consideration all these matters, that that was the truth, why then you will see that, while there was no

actual intent to do these persons any injury, yet the heedlessness and negligence of the act you may characterize as wanton, and impute malice from that, and an undue disregard of the rights of the individual."

The jury were finally authorized to award actual damages, with or without punitive damages, or award simply nominal damages. At the close of the charge, defendants' counsel excepted to that portion of the charge which instructed—

"The jury that they may give damages by way of punishment, it being conceded there was no actual malice either upon the part of the defendants or their agents. By the Court: You will not misunderstand the court upon that proposition. They have disclaimed any actual malice, and the court has told you that must be accepted by you as true; that they did not at the time actually intend to inflict injury. Consequently, from that statement, you would not be justified in awarding damages by way of punishment. But if you find that they could have found out the truthfulness or untruthfulness of this charge which they made, and they failed to make any investigation, or failed to attempt to make any investigation, you would be able to find such action upon their part, or upon the part of their agent, was a wanton act of negligence, from which the law would imply malice; and you would be authorized to award vindictive damages, if you so find."

It would seem from this that the jury were fully instructed that, so far as the existence of ill will in the minds of the defendants was concerned, it found no basis of support, and must not be taken into consideration. This left the case, in this branch, to stand or fall as the jury should characterize the circumstances of the publication justifiable, or reckless and wanton. In this regard the charge seems to be, within the authorities cited, strictly within the law, and the exception thereto is not available.

At the close of the last-noted charge the defendants requested the court to charge "that, unless defendants were moved by actual malice, the jury should not award the plaintiff damages by way of punishment." The court charged, "Yes, I charge you they must be moved by actual malice; but you may find actual malice if you find they failed to make an investigation as to the truthfulness of the charge." If this charge could be construed as meaning to convey the idea that "actual malice," as here used, meant personal ill will, then it might not be sustained; but in view of the fact that the jury had been fully instructed upon that subject, and as the court added the clause referring to the evidence upon which such finding must be based, although not so full as before, must have left the jury in the full possession of the fact that such malice must be found from the evidence already called to their attention, and explained in detail several times. The request was not new, and the court could have refused it without error, for its subject had already been fully covered by the prior charge, and was not changed by this. The conclusion is therefore reached that no error was committed in the charge which was made the subject of an exception.

I have examined and re-examined this case with much care, in order to satisfy myself if legal error existed, and can find none. The verdict is large. So, equally, is the published charge severe and harsh. It was an untrue and false charge; the defendants placed it within the power of their agent to make it, and vested him with the discretionary power to insert or withhold. It was therefore,

in legal sense, their act. A thousand copies of defendants' paper, containing the charge, were sent to plaintiff's city or residence, and other copies, containing the same charge, but of a prior edition, had also gone before to the same city. Under these circumstances, and after a careful examination of the reported cases, I am unable to find one justifying interference with the conclusion reached by the jury. In many it has been denied. Coleman v. Southwick, 9 Johns. 51; Fry v. Bennett, 9 Abb. Pr. 53; Whiteman v. Leslie, 54 How. Pr. 495; Alliger v. Brooklyn Daily Eagle, (Sup.) 6 N. Y. Supp. 110; Association v. Rutherford, 51 Fed. 513, 2 C. C. A. 354; Robertson v. Bennett, 44 N. Y. Super. Ct. 71. I am cited to no authority by defendants, and find none, after careful examination, deciding a contrary doctrine. It follows from this conclusion that the motion for a new trial must be denied, with costs.