ties; and, if the remark of the trial justice was prejudicial, it was cured by his charge, which left the matter in difference very fairly to the jury. The verdict is fully sustained by a preponderance of evidence in favor of the plaintiff, and, in view of the injuries received, the damages are not excessive.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

### TIMPONE v. DRY DOCK, E. B. & B. R. CO.

(City Court of New York, General Term.   April 27, 1899.)

APPEAL—REVIEW—EXCESSIVE DAMAGES.
    A verdict for personal injuries will not be set aside as excessive where the amount is not so large as to show that the jury were actuated by prejudice or corruption.

Appeal from trial term.

Action by Robert Timpone, an infant, by Joseph Timpone, guardian, against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
M. P. O'Connor, for respondent.

CONLAN, J.   Appeal from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

This action was brought to recover for an injury received by the plaintiff while riding upon a wagon driven by one Joseph Rosenweig, whom the plaintiff was employed to assist in delivering candy. An examination of the record discloses no errors of law calling for a reversal of the judgment. The issues of fact were fairly presented to the jury, and they have disposed of them in favor of the plaintiff. The damages awarded as compensation to plaintiff are not so large as to show that the jury must have been actuated by passion, partiality, prejudice, or corruption. Stephens v. Knitting Co. (Sup.) 20 N. Y. Supp. 916; Scott v. Association (Sup.) 26 N. Y. Supp. 691.

Upon the whole record, we think the judgment should be affirmed.

Judgment affirmed, with costs.

McCARTHY, J., concurs.