MILLOTT *v.* NEW YORK & N. E. R. Co.

*(Supreme Court, General Term, Second Department.  May 9, 1892.)*

APPEAL—REVIEW—NUMERICAL PREPONDERANCE OF WITNESSES.

  In an action for personal injuries, a verdict for plaintiff will not be disturbed on
  appeal, as not supported by the evidence, though plaintiff was the only witness in
  his own behalf, and nine witnesses testified that the accident was caused by plain-
  tiff's negligence.

Appeal from circuit court, Orange county.

Action by Edward Millott against the New York & New England Railroad
Company, for personal injuries.  Judgment for plaintiff.  Defendant appeals.
Affirmed.

Argued before DYKMAN and PRATT, JJ.

*W. C. Anthony,* for appellant.  *John W. Lyon,* for respondent.

DYKMAN, J.  The plaintiff in this action was employed by the defendant,
and his duty was to couple and uncouple cars, for the purpose of making up
trains at the yard of the company at East Hartford, in the state of Connecticut,
to be run out on the railroad.   Early in the morning of the 23d day of Febru-
ary, 1890, while it was yet dark, the plaintiff and others were making up a
train in the yard, and he went between two cars to uncouple them.   They
were box cars belonging to another company, and the drawheads and bumpers
were of unequal height, those of the hindermost of the two being about six
inches lower than the other.   Before the plaintiff started to go between the
cars he gave a signal to the engineer to kick off a car, and the train was started
back slowly.   Then the plaintiff passed in between the cars as they were
moving, with his lantern in his left hand, and took hold of the pin of the rear
car with his right hand.   That was the car to be kicked off on the switch.
At that time the train was moving backwards, and the plaintiff was unable
to extract the pin, because, according to his testimony, there was a dead link
driven into the drawhead of the forward car, and the coupling link was over
the top of that, but did not enter the drawhead as far as it otherwise would.
Then the drawhead on the car behind was five or six inches lower than the
drawhead on the other.   While the cars were moving slowly back, in obedi-
ence to the signal, the slack went out of the train, and the cars came suddenly
together, and the drawhead of the lower car overrode the link, and caught the
elbow of the plaintiff between the two bumpers, and crushed the main
artery of his arm, so that the blood would not circulate through it, and am-
putation was rendered necessary, and his arm was taken off six inches below
his shoulder.   This action was commenced for the recovery of the damages
sustained by the plaintiff; based upon the negligence of the defendant.   The
cause was tried at the circuit, where a verdict was rendered for the plaintiff
for $5,000, and from the judgment entered upon the verdict the defendant
has appealed.   The defendant moved for a new trial on the minutes of the
court, upon the grounds enumerated in section 999 of the Code of Civil Pro-
cedure, the motion was denied, and the defendant excepted.   There is no ap-
peal from an order denying the motion for a new trial, and no order denying
such motion.   There was no exception to the charge of the trial judge, and
the charge is omitted from the case for that reason.   The plaintiff was the
only witness sworn in his behalf upon the trial, and there were nine witnesses
sworn for the defendant, whose testimony tended to contradict that of the
plaintiff, and some of them testified that he said the injury was the result of
his own fault.   Whatever there was in conflict with the testimony of the
plaintiff was settled in his favor by the verdict of the jury, and his evidence
was sufficient to sustain the verdict.   There was one exception on the part of
the defendant to the exclusion of testimony respecting the compensation of
men who pull the coupling pins, but it presents no question worthy of ex-

amination.  The questions raised by motion for a nonsuit have all been decided adversely to the contention of the defendant.  *Gottlieb* v. *Railroad Co.*, 100 N. Y. 462, 3 N. E. Rep. 344; *Goodrich's Case*, 116 N. Y. 398, 22 N. E. Rep. 397; *Fuller* v. *Jewett*, 80 N. Y. 46.

The judgment should be affirmed, with costs.