JOHN FIERO, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Personal injury — negligence — railroad employee — measure of the care required of the plaintiff.*

The care of a prudent man, which is the measure of the duty of care imposed upon an employee who seeks to recover damages for a personal injury alleged to have been caused by his employer's negligence, is consistent with the forgetting for an instant of a well-known fact when fully occupied with pressing duties.

The conductor of a passenger train was injured by stepping off the rear of the car while in motion, in a tunnel, under the momentary impression that it was not the last car, and brought an action against the railroad company for damages, on the ground that the accident was caused by its negligence in leaving the passageway in the railing of the rear platform unguarded by a rope or chain. The trial court refused a request of the defendant to charge the jury that if the plaintiff knew the number of cars in the train he could not recover.

*Held*, that the refusal was proper; that the plaintiff might know the fact, and yet the various duties to which his attention must be addressed might so occupy his mind that he might forget it for a moment without being guilty of negligence that would bar his recovery.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of West-

chester county on the 22d day of March, 1892, upon a verdict rendered at the Westchester Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for a personal injury suffered by the plaintiff while in the employ of the defendant company as a passenger train conductor by his stepping off the rear end of the rear car of a train of which he was a conductor, while passing through the Fourth avenue tunnel in the city of New York, on the 19th day of November, 1888.

The plaintiff claimed that the defendant was negligent in furnishing a rear car which was insecure, in that it was not equipped with a chain, rope or other safeguard across the end of its rear platform to prevent the plaintiff from walking or falling off it, and in maintaining and furnishing "a certain unsafe and insecure passageway, portion or section of said track, to wit : a certain dark, smoky, dangerous, insufficiently lighted, aired and ventilated, and otherwise unsafe and insecure underground passageway or tunnel, on a portion or section of its said track in the city of New York, of about three miles in length," along which the plaintiff's train was obliged to pass when proceeding from Forty-second street.

As to the manner of the accident, the plaintiff testified that after leaving Grand Central depot, he went through his train from the front end towards the rear, taking up tickets ; that he had his lantern under his left arm ; that the tunnel was dark by reason of dense fog and smoke ; that when he came to the rear door of the third car, the last car of the train, he saw in the glass of the door what he supposed was another car, the lights and people sitting in it ; that he opened the door, went out upon the platform, took a step or two towards the car which he supposed was there, and the passageway not being closed by chain or rope, was plunged headlong upon the track.

He testified also that in going through his train taking up tickets he walked slowly, and that taking up tickets "is very confusing, and with your mind intent upon doing it accurately, it seems to drive other thoughts out of your mind."

*Frank Loomis* and *D. W. Teas*, for the appellant.

*William P. Fiero*, for the respondent.

PRATT, J.:

The charge of the court correctly stated the respective duties due to each other from the plaintiff and defendant. Probably the court might have properly refused the various requests to charge thereafter made by defendant, on the ground that the charge already made sufficiently set forth their respective duties. But the court did not take that course, but received the requests and restated the law in defendant's favor so far as could be done consistently with the law.

The objection to the charge most strenuously urged was to the refusal to charge that if plaintiff knew there were but three cars in the train he could not recover.

We think that request was properly refused. The plaintiff might know that fact, and yet the various duties to which his attention must be addressed might so occupy his mind that he might forget it for a moment without being guilty of negligence that would bar his recovery.

The care of a prudent man was the measure of his duty. Such a man might for an instant forget a well-known fact, when fully occupied with pressing duties.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.