(10 Misc. Rep. 368.)

SULLIVAN v. BROOKS et al.

(Common Pleas of New York City and County, General Term. November 13, 1894.)

1. APPEAL—OBJECTION NOT RAISED BELOW.
    Failure to move to dismiss at the close of the case, or to move for direction of the verdict, or to object to the submission of the case to the jury precludes the position on appeal that the verdict was without evidence.

2. SAME—MOTION TO DISMISS—WAIVER OF EXCEPTION.
    Failure to move for dismissal at the close of the whole case is a waiver by defendant of his exceptions to the denial of his motion to dismiss at the close of the plaintiff's case.

Appeal from city court, general term.

Action by John Sullivan against William Brooks and Thomas J. Brooks to recover for personal injuries. From a judgment of the city court (28 N. Y. Supp. 1150) affirming a judgment for plaintiff, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Alex. Thain, for appellants.
Edwin G. Davis, for respondent.

PER CURIAM. We find that there was no motion by defendants to dismiss the complaint at the close of the case. A failure to make such a motion or ask for a direction of a verdict, and failing to object to the submission of the case to the jury, is a concession that there is evidence tending to prove the facts alleged, and is a consent to the decision of the question by the jury, and precludes the defeated party taking the position upon appeal that the verdict is without evidence, and therefore against law. Barrett v. Railroad Co., 45 N. Y. 628, 632. Nor can the appellants, in view of the failure to make such a motion at the close of the whole case, bring up the questions involved under their exception to the denial of their motion to dismiss at the close of the plaintiff's case. A defendant who proceeds to introduce testimony after denial of his motion for a nonsuit at the close

of plaintiff's evidence in chief thereby waives his exception to that denial. He has an undoubted right to stand upon his motion for a nonsuit, "but he has no right to insist upon his exception after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplies the missing link; and, if not, he may move to take the case from the jury upon the conclusion of the entire testimony,"—citing cases. Bogk v. Gassert, 149 U. S. 17–23, 13 Sup. Ct. 738. Followed in Wilson v. Live-Stock Co., 153 U. S. 39, 14 Sup. Ct. 768. Judgment affirmed.