(21 Misc. Rep. 637.)

MACHAUER v. FOGEL.

(Supreme Court, Appellate Term. November 24, 1897.)

1. APPEAL—REVIEW—EXCEPTIONS.
   Where a judgment rendered at a trial term of the city court has been affirmed by that court at general term, the determination of a further appeal to the appellate term of the supreme court proceeds upon rules assimilated to those governing appeals to the court of appeals from judgments of the supreme court, and to the success of such an appeal the presentation of any particular ground of grievance by a valid exception is indispensable.

2. SAME—WEIGHT OF EVIDENCE.
   Upon an appeal from an affirmance by the general term of a judgment entered on a verdict, the appellate term of the supreme court cannot consider whether the verdict was supported by the weight of the evidence.

3. SAME—SUFFICIENCY OF EVIDENCE—EXCEPTIONS.
   Upon the question whether there was sufficient evidence to take a case to a jury, the fact that at the close of the plaintiff's case defendant moves for a dismissal of the complaint, or the direction of a verdict, and excepts to the denial of the motion, cannot avail him upon his appeal to the appellate term if, at the close of all the evidence, the issues were submitted to the jury without an exception at that time to any adverse ruling upon such a motion.

4. SAME—OBJECTIONS WAIVED.
   An appellant must be deemed to waive questions which might be raised upon exceptions taken to rulings upon evidence, if he accepts the result without directing the attention of the appellate court to his exceptions.

Appeal from city court of New York, general term.

Action by Frank Machauer against Rube Robert Fogel. From a judgment of the general term affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David Levy, for appellant.

Thomas Darlington, for respondent.

BISCHOFF, J. Where a judgment, rendered at a trial term of the city court, has been affirmed by that court at general term, the determination of a further appeal to this court proceeds upon rules assimilated to those governing appeals to the court of appeals from judgments of the supreme court (McEteere v. Little, 8 Daly, 167; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687), and, to the success of such an appeal, the presentation of any particular ground of grievance by a valid exception is indispensable (Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952). Here the appellant's alleged grievance appears to be that the verdict was not supported by the weight of the evidence,—a matter which might have been presented to the general term, but which is not, in any event, involved upon this appeal. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. Assuming the contention to be, however, that there was not sufficient evidence to take the case to the jury, the point may not be successfully maintained, since, at the close of all the evidence, the issues were submitted to the jury without an exception having been taken at that time to any adverse ruling upon a motion for the dismissal of the complaint, or for the direction of a verdict. The fact that such a motion was made and denied, under exception, at the close of the plaintiff's case, cannot avail the appellant, in view of this final state of the record (Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36), and he is further concluded by his failure to take exception to any part of the charge, or to raise any question of law upon the facts by requests to charge. For the same reasons no effect can be given to the claim, as now made, that the recovery was, in a certain aspect, excessive (Briscoe v. Litt, 19 Misc. Rep. 5, 42 N. Y. Supp. 908); and any further questions which might be raised in the case upon exceptions taken to rulings upon evidence must be deemed to have been waived by the appellant, since he has been content to accept the result without directing our attention to such exceptions (Blaut v. Gabler, 8 Daly, 48).

The judgment must be affirmed, with costs. All concur.