MICHAEL KENNEY, Respondent, *v.* LAURA V. RHINELANDER, Appellant.

*Negligence — a tenant who trips while descending, without a light, a stairway which he knew had a torn carpet — a charge defining the legal effect of the tenant's alleged intoxication.*

In an action brought by a tenant to recover damages for injuries alleged to have been sustained by him in falling on a stairway in a tenement house, in consequence of the negligence of the landlord in permitting, after notice, a torn and unsafe carpet to remain on the stairway, it appeared that the accident happened after ten o'clock at night, at which hour, in accordance with the rule of the house, the light on the stairway was extinguished, of which the tenant was aware; that the tenant's foot caught in the carpet, which he knew was there, and in a torn and ragged condition, and that in consequence thereof he fell and was injured.

*Held,* that the fact that the plaintiff used the stairway, without carrying or having the aid of a light, did not establish contributory negligence on his part as a matter of law;

That the court properly charged that, if the plaintiff, with knowledge of the condition of the stairway, was careless or negligent, because, by reason of intoxication, he was incapable of giving attention, he could not recover, and properly refused to charge that, if the plaintiff undertook to go down the stairs while in an intoxicated condition, he was guilty of contributory negligence.

VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

APPEAL by the defendant, Laura V. Rhinelander, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of October, 1897, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 8th day of November, 1897, denying the defendant's motion for a new trial made upon the minutes and upon exceptions.

*Jacob F. Miller*, for the appellant.

*John F. Foley*, for the respondent.

PATTERSON, J.:

The plaintiff, a tenant of rooms in a building belonging to the defendant, sued to recover damages for injuries alleged to have been sustained by him in falling on a stairway, such fall happening, as claimed, in consequence of the negligence of the defendant in permitting, after notice, a torn and unsafe carpet to remain on the stairway. The building was a tenement house occupied by many tenants, and the stairway was for the general use of the tenants and was altogether under the control of the defendant or her agents. On the trial of the cause the plaintiff obtained a verdict, from the judgment entered upon which and from an order denying a motion for a new trial this appeal is taken.

It appeared in evidence that some time after ten o'clock on the night of November 6, 1893, the plaintiff descended the staircase from his apartment, and when he reached a point thereon near the bottom of a flight of steps ending at a platform, he fell and was injured. He came down the staircase in the dark, all the lights in the building having been extinguished at ten o'clock, in accordance with a rule of the house, of which he was fully aware. He claimed that he came down the stairs carefully; that there was a banister upon one side of the staircase, and that he used that in descending, and that when he came to the second step from the bottom of the flight, which terminated at the platform, his foot caught in a torn and ragged carpet, which he also knew was there and in that condition, and that as a consequence of his foot thus catching he fell and was injured. There was a very sharp conflict in the testimony concerning the condition of the carpet. Witnesses on behalf of the plaintiff testified that at the point at which the plaintiff fell the carpet had been frayed; that there was a large gap in it; that it had been in that condition for two months or more before the accident; that the attention of the defendant's agent had been called to it; that it had not been repaired; that other tenants had tripped upon it, and that the day after the accident the carpet was in the same condition in which it had been for two months previous to the accident. On the other hand, witnesses for the

defendant testified that the carpet on the staircase was in good con-dition, and one witness swore that he himself had repaired the car-pet and put it in safe condition only a few days before the accident occurred, and there were other witnesses, the effect of whose testi-mony was that the carpet had been repaired and was safe for use. Upon that conflicting evidence the jury found in favor of the plain-tiff. The justice presiding at the trial could not have done other-wise than submit the issue of the defendant's negligence to the jury upon that conflicting evidence. It came down to a question of credibility, and although we might have been better satisfied were the verdict the other way, we have no right, upon such a record as this, to substitute our judgment for that of the jury. It has often been said that, upon such conflicts of evidence as are presented, an appellate court will not interfere with a verdict unless it plainly appears that it was the result of prejudice or passion, or clear mis-understanding of the facts.

Another reason urged for the reversal of the judgment is that it was shown that the plaintiff was guilty of contributory negligence. We are asked to determine that such contributory negligence existed as matter of law. The evidence is undisputed that the plaintiff came down the staircase in the dark, knowing of the alleged unsafe condition of the carpet. It is also claimed that it was his duty, as matter of law, not to use the staircase under these circumstances without carrying or having the aid of a light. We cannot adopt as a fixed rule that it is in and of itself contributory negligence for a person to use a stairway under such circumstances without providing himself with a light. Whether or not it was his own negligence in doing so is a question that must be left to the jury under all the cir-cumstances of the case, for it is obvious that no general rule can be applied to such a situation. The most that can be required would be to hold that he must exercise great care, and the trial judge so charged in this case. He told the jury that "if the stair carpet was in the condition testified to by plaintiff's witnesses, that imposed upon the plaintiff special care in going up and down in using it." The plaintiff testified as follows: "I came down as carefully as I could in the dark; the lights were out; * * * it was half-past ten o'clock when I went down stairs; it was all dark; I did not take a light with me; I didn't have any light; I came down in the

dark. In the stairway I came down there was a banister on either side. What I mean in my complaint, when I state there was not any banister, was that where I fell there was no banister at the place from where I fell. The banister extended from the platform up to the top of the stairs, or near the platform; it came down very close to it. I had my hand on that banister; I fell notwithstanding; I was in the dark at the time."

It was for the jury to say, under these circumstances, whether the plaintiff was negligent in not taking a light with him. It was claimed by the defendant that there was an additional circumstance affecting the question of contributory negligence, namely, that the plaintiff was intoxicated when he came down the stairs. There was a conflict in the testimony, also, respecting that. The jury, by their verdict, evidently believed that his intoxication, if it existed, had nothing to do with the accident. The effect of intoxication as connected with the issue was properly put to the jury by the trial justice, who charged that if the plaintiff, with knowledge of the condition of the stairs, was heedless or careless or negligent because he had put himself in such a condition, through his conduct, that he was incapable of attention, then he could not recover. The case was properly put to the jury on both the issues involved, and none of the requests presented by the defendant and refused by the court were in such form as to require any other ruling than was made upon them.

The court properly declined to charge that if the plaintiff undertook to go down the stairs without a light after ten o'clock, after the light was extinguished, he was guilty as matter of law of contributory negligence and could not recover; and that if the plaintiff undertook to go down the stairs while in an intoxicated condition he was guilty of contributory negligence, he could not recover. The last request was entirely too broad. (*Lynch* v. *The Mayor*, 47 Hun, 524; *Milliman* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 642; *Newton* v. *Central Vermont R. R. Co.*, 80 Hun, 491.)

The court was asked to charge that if the defendant undertook to go down stairs *unaided* after the lights were put out, in an intoxicated condition, without a light he was guilty of contributory negligence and cannot recover, and the verdict must be for the defend-

ant.   The judge refused to charge that in so many words, but did substantially charge it in modified form by defining the words " intoxicated condition " as meaning that if he were in such a state as to be incapable of giving the attention to what he was doing, which a man of prudence and reasonable intelligence would give. That modification of the request was substantially correct.

The other exceptions to refusals to charge present the same questions, only in a different way, and require no further consideration. In his instructions the trial judge plainly and clearly stated the rules of law applicable to the case on both the issues of negligence and contributory negligence.   On the whole case we do not find any error which would justify a reversal of the judgment; nor do we find that the verdict is against the evidence or the preponderance of evidence.   As said before, a different verdict might have been more satisfactory, but we cannot usurp the function of the jury and determine from a printed record matters resting principally, if not entirely, upon the credibility of witnesses examined in the presence of the jury.

The judgment and order appealed from must be affirmed, with costs.

BARRETT and RUMSEY, JJ., concurred; VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

MCLAUGHLIN, J. (dissenting) :

The plaintiff occupied, as tenant, an apartment in defendant's building, and, in attempting to pass therefrom down a flight of stairs to the street, fell and sustained personal injuries.   He instituted this action to recover from the defendant damages upon the ground that his injuries were caused by the negligence of the defendant. The specific allegation of negligence was, that the defendant permitted a rent or hole to be in a carpet which covered the stairs over which he passed and in which, without fault or negligence on his part, his foot was caught, occasioning his fall.

Upon the trial the plaintiff's testimony tended to show that at about half-past ten o'clock in the evening of the 7th of November, 1893, after the lights had been extinguished in the hall and upon the stairs referred to, the plaintiff, for the purpose of ascertaining

the result of an election held on that day, attempted, without the
aid of a light, to pass down the stairs to the street, and when he was
about two feet from a platform, which was located some seven steps
from the bottom of the stairs, his foot was caught in a hole in the
carpet and he was thereby thrown to the hall below; that the hole
in the carpet was about three inches wide by two feet long, and that
this had been its condition for at least two months; that the plaintiff
had lived in the same apartment for at least two years, during which
time he had been in the habit of going up and down the stairs sev-
eral times each day; that the lights in the hall and upon the stairs
were extinguished at ten o'clock each night, which fact the plaintiff
well knew. The plaintiff was corroborated as to the condition
of the carpet *prior* to the accident by his wife, his daughter and
three other witnesses. One of these witnesses, and only one of
them, corroborated him as to the condition of the carpet at the time
the accident occurred.

The testimony offered on the part of the defendant tended to
show that, on the twenty-seventh of October, immediately preceding
the day when the plaintiff fell, the carpet in question was relaid on
the stairs, and any defects which had theretofore existed in it were
then remedied and repaired, and that from that time to and including
the evening in question there was no hole in it. Six witnesses were
produced, all of whom testified substantially to this effect: One of
them testified that he employed a man by the name of Davis
to make the repairs, and Davis testified that he actually made
them, and that when he had completed his work there was no
hole in the carpet, and four others either testified that they saw
Davis making the repairs, or else that they examined the carpet on
the morning following the accident, and there was then no hole in it.
Those witnesses were not contradicted by any of the plaintiff's wit-
nesses, except the plaintiff himself, and one Julia Barveld. Julia
Barveld testified that she had noticed the defect described by the
plaintiff prior to the time he was injured, and that she also noticed
it the morning following the injury. She also testified that no
repairs were made to the carpet, either prior or *subsequent* to the
time the plaintiff sustained his injuries. The testimony of the other
witnesses of the plaintiff, as to the condition of the carpet, was not
in conflict with the testimony of the defendant's witnesses, because

none of them stated that the carpet was out of repair between the time that Davis testified that he fixed it and the time when plaintiff was injured. And in this connection it is to be noted that the plaintiff, after he was injured, continued to reside in the apartment until he was dispossessed for non-payment of rent, thirteen months after the accident occurred; and that, up to that time, he had never made a suggestion to the defendant, or any one representing her, that she was in any way liable or responsible for the injuries which he had sustained. It is also to be noted that the witness, Julia Barveld, testified that the carpet was not repaired either before or *after* the accident. It is incredible that a hole as *large* as the one claimed by the plaintiff would have been allowed to remain after an accident had occurred like this one, and that, too, without complaint from the person injured. The fact that the testimony of defendant's witnesses (all of whom were disinterested) to the effect that the carpet was repaired the latter part of October, and that from that time to and including the day of the accident there was no hole in it, was only met by the testimony of the plaintiff and one witness, when considered in connection with the other facts and circumstances connected with the accident, leads us to believe that this verdict was against the weight of evidence, and for that reason should have been set aside by the learned trial justice.

After a careful consideration of the record, I am also of the opinion that the plaintiff, as a matter of law, ought not to have recovered, and that the motion for a nonsuit should have been granted. It may be conceded that the carpet in question was in the condition claimed by the plaintiff. If so, the plaintiff knew it. He had used the stairs and passed over the carpet several times each day during the two months that the hole had existed, and if it was dangerous to use the stairs, by reason of the defect in the carpet upon them, after the lights had been extinguished in the hall and upon the stairs, the plaintiff knew and appreciated that danger as well as any one could — certainly as well as the defendant or her agents. According to his own statement he did not act suddenly; his attention was not diverted by anything, but he deliberately attempted to pass down the stairs without the aid of a light, when the defect was known and the darkness was obvious. Under such circumstances, it seems to me it must be held that the plaintiff is not in a position,

by reason of his own negligence, to call upon the defendant to respond in damages for the injuries which he sustained.

I, therefore, cannot concur in the opinion of Mr. Justice PATTERSON that this judgment should be affirmed. I think it should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurred.

Judgment and order affirmed, with costs.