(25 Misc. Rep. 146.)

### HARDCASTLE v. HEINE et al.

(Supreme Court, Appellate Term. November 10, 1898.)

1. APPEAL—REVIEW—QUESTION OF FACT—FINDING OF JURY.
    A finding of the jury based on conflicting evidence will not be disturbed on appeal.

2. SAME—EXCEPTIONS—WAIVER.
    An exception made below, not urged on appeal, will be presumed to have been waived.

**3. SAME—OBJECTIONS TO EVIDENCE.**

Where specific objections to evidence are made, the appellate court can only consider it in reference to the particular objections urged, unless it is essentially incompetent.

**4. WITNESS—EXAMINATION—ASSUMPTION OF FACT.**

In an action for commissions on sales made for defendant, a question asked of plaintiff whether he took the order resulting in a certain sale recorded on defendant's books does not assume that plaintiff has knowledge of the transaction, but merely calls for what knowledge he may have, and is not erroneous.

**5. SAME.**

It is not erroneous, as assuming that that amount of goods was sold, when the defendant admitted that the entries in the books were correct.

**6. APPEAL—OBJECTIONS NOT MADE BELOW.**

An objection that testimony was introduced concerning items on a book not in evidence cannot be first made on appeal.

**7. SAME.**

An objection to evidence, which assigns no grounds therefor, will be disregarded, unless it clearly appears that the objection, if properly made, would have been decisive of the case.

**8. EVIDENCE—CONCLUSION—HARMLESS ERROR.**

In an action for commissions on sales made for defendant, the admission of a conclusion of plaintiff as to who brought about a certain sale, recorded on defendant's books, is harmless error, where objection was not made on that ground.

Appeal from city court of New York, general term.

Action by Frank Hardcastle against Arnold B. Heine and another to recover commissions on sales made for defendants. From a judgment of the general term (51 N. Y. Supp. 1142), affirming a judgment of the trial term entered on a verdict for plaintiff, the defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Stern & Rushmore, for appellants.
Gruber & Bonynge, for respondent.

GILDERSLEEVE, J. As, upon a sharp conflict of evidence, the jury found in favor of the plaintiff, we must accept the plaintiff's statement of the facts in controversy as the correct version. It appears from the testimony offered on behalf of the plaintiff that he entered into a contract with the defendants, by which he was to sell their goods for them, and receive in return a 5 per cent. commission on all sales made by him, and also upon all sales made by defendants to certain specified customers; that, in pursuance of said contract, goods were sold to the amount of $82,186.29, upon which plaintiff was entitled to his commission of 5 per cent., which would amount to $4,109.31. Plaintiff also claims that he made a trip to Europe in the interests of the defendants, for which they were to pay him a reasonable compensation, and he places the value of his services and expenses abroad at $1,000. This would make his claim amount to the sum of $5,109.31. He, however, admits that he has been paid the sum of $3,116.45 on account of the sales, and $450 on account of the trip to Europe. The jury allowed him the sum of $1,072.28 as balance for the commission on the goods sold and for his services and expenses in Europe.

The defendants' counsel assails the judgment, on the ground that it is against the evidence; but, as we have above intimated, there is some evidence tending to sustain the verdict, and this court, on an appeal from the city court, will not interfere with the conclusion of the jury on a question of fact.

The defendants raise the further objection of error on the part of the trial justice in the admission of evidence. The plaintiff's counsel, in examining his client, made use of defendants' books. The testimony is as follows, viz.:

"Q. By Plaintiff's Counsel: I will ask the attorney for the defendants whether the book I have now before me is the book of the defendants, kept in their business between 1893 and 1894. Defendants' Counsel: 1894. The Court: And that the entries of the sales in there were made by defendants, or their bookkeeper, and were correctly made. Defendants' Counsel: That is admitted. Plaintiff's Counsel: Now, I see it appears by defendants' ledger in evidence that between the 3d of October, 1893, and the 21st of September, 1894, there was delivered by defendants to Acheson, Harden & Co. merchandise of the value of $11,520.03; and I ask you (the plaintiff) to say whether you took the orders which brought about the sale of these goods to Acheson, Harden & Co. (Objected to, on the ground that the question assumes that plaintiff has knowledge of the transactions in that ledger, which he is not shown to have. Objection overruled. Exception.) Q. Did you make those sales? A. Yes, sir. Q. It appears by the ledger of the defendants between the 11th of July, 1893, and the 22d of August, 1894, the defendants delivered to Schuler, Schultz & Co. merchandise of the value of $7,123.41. Was that merchandise sold by you and included in the agreement you made with the defendants? (Objection repeated and overruled. Exception to defendants.) The Court: I will allow it, and you may cross-examine. Q. Between November 16, 1893, and the 20th of September, 1894, there were sold and delivered to Glendenning, McLeash & Co. by the defendants merchandise of the value of $8,667.36. Were those goods sold by you? (Objected to on the ground that the question of counsel assumes that that amount was sold.) The Plaintiff's Counsel: It appears as having been sold to them. (Objection overruled, and exception.) A. Yes, sir."

And a number of similar questions were asked with regard to other sales appearing in defendants' said book, to which exceptions were taken on the ground above stated. As these are the only exceptions to which reference is made by the appellants' counsel, it may be presumed that the others are not of sufficient importance to require discussion, or have been waived. See Machauer v. Fogel (Sup.) 47 N. Y. Supp. 1056. We will therefore confine our attention to an examination of the exceptions urged by appellants' counsel on the appeal.

It will be observed that the only grounds of the objections are that the "question assumes that the plaintiff has knowledge of the transactions in that ledger, which he is not shown to have," or "that the counsel assumes that that amount was sold." Where specific objection has been taken on the trial, and evidence received or rejected thereunder, the appellate court will only consider whether or not the ruling was erroneous in the particulars specified in the objection, unless the evidence is in its essential nature incompetent, and the appellant will not be permitted to urge a new ground of objection upon the appeal. With regard to the first ground of objection, i. e. that the question assumed that plaintiff had knowledge of the transactions set forth in the ledger,

which he was not shown to have, we are disposed to agree with the learned counsel for the respondent in his contention that the question did not so much assume that the plaintiff had knowledge as it called for his knowledge, if he had any. The defendants' counsel could have cross-examined plaintiff as to his knowledge, had he seen fit to do so, and, indeed, the court did so examine him.

As to the other ground of objection, i. e. that the question assumed that that amount of goods had been sold, we may say that, as the entries in the book, in which these sales were recorded, are admitted by defendants' counsel to be correct, the plaintiff's counsel was at liberty to make the assumption charged. The question assumed facts which were not in dispute. The defendants offered no evidence tending to question these sales testified to by the plaintiff, but, on the contrary, as we have seen, admitted the accuracy of the record of those sales.

No objection appears to have been made, at the trial, with regard to the book not being in evidence, although, in his brief on appeal, defendants' counsel complains that the plaintiff's counsel was permitted to read items of sales from a book of defendants which was not in evidence. This question we are not called upon to discuss, as that objection cannot be presented for the first time on the appeal.

At the end of plaintiff's case, the defendants' counsel made a motion "to strike out so much of plaintiff's testimony as refers to sales that he says the defendants made, upon which he says he was entitled to a commission, as appearing upon the ledger." The motion was denied, and an exception taken. No ground for the motion is specified in the book on appeal, but the appellants, in their brief, intimate that it was made on the ground that the plaintiff was not shown to have had knowledge of the transactions set forth in the defendants' ledger. It is a general rule that objections to testimony, that assign no grounds therefor, will be disregarded, unless it clearly appears that the objection, if properly made, would have been decisive of the case, and could not have been obviated. See Daly v. Byrne, 77 N. Y. 187; Riche v. Martin, 1 Misc. Rep. 287, 20 N. Y. Supp. 693; Cruikshank v. Gordon, 118 N. Y. 186, 187, 23 N. E. 457. The motion was properly denied. It may be said of the question in reference to the sales to Acheson, Harden & Co., answered under defendants' objection, that, while the ruling was not erroneous for the reason that the grounds specified did not support the objection, still it called for a conclusion of the witness as to who brought about the sale to this firm, and therefore violated a well-settled rule of evidence. It was not very significant, however, in view of the agreement testified to by plaintiff and the ledger entries, and would not, we think, constitute reversible error, had the ground of objection above alluded to been urged.

No error of law, to which exception was taken, has been called to our attention that is of sufficient weight to warrant us in reversing the judgment. It follows, therefore, that the judgment and order appealed from, so far as assailed on this appeal, should be affirmed, with costs. All concur.