the legislature cannot exercise judicial power. It has not attempted to do so in this enactment. The assessments are not vacated. They are to be paid by the city at large, at least to the extent of the appropriation, except such as have been paid by the lot owners, and as to these the city is to refund the ratable amount of the respective payments.

The act is entitled "An act for the refunding of erroneous assessments in the city of Troy." There is nothing in the body of the act declaring the assessments erroneous. The title of this act neither adds to nor detracts from the enabling and mandatory provisions of the act itself. The word "erroneous" is not used in the title in the sense that there was any error in law in laying the additional assessment, but that it was erroneous in the sense that it was inequitable that these property holders on River street north of Hoosick street should be compelled to pay, not only the assessment first levied, but also to pay one-half of that part of the first assessment from which the Troy & Lansingburg Railroad Company escaped. In this sense, the legislature has attempted no judicial function; it has simply employed an expression which seemed to it to embrace the subject of the act, which the constitution requires to be expressed in the title.

We have examined the other objections urged by the learned corporation counsel, and do not think they justify or excuse the board of estimate and apportionment in refusing to include in their estimate and apportionment the $6,384.02, which the act declares "shall be assessed and charged upon, and paid by, the city of Troy at large."

Order reversed, with $10 costs and disbursements, and the motion for a peremptory mandamus granted, with $10 costs. All concur.

---

(25 Misc. Rep. 422.)

FRASER v. ALPHA COMBINED HEATING & LIGHTING MFG. CO.

(City Court of New York, General Term. December 7, 1898.)

1. MOTION FOR NEW TRIAL—NOTICE OF APPEAL.
    Notice of appeal, though purporting to be from order denying motion for new trial, as well as from the judgment, having been served before the motion was made, cannot bring up the order for review, notwithstanding the order recited that the motion was denied "with the same force and effect as if a motion * * * had been made on the minutes at the close of the trial, and denied."

2. SUFFICIENCY OF EVIDENCE—WAIVER OF EXCEPTION.
    Exception to denial of motion for nonsuit at end of plaintiff's case is waived by defendant introducing evidence, and not renewing motion to dismiss, or asking for direction of a verdict.

Appeal from trial term.

Action by Peter Fraser against the Alpha Combined Heating & Lighting Manufacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

William Sutphen, for appellant.

J. Baldwin, for respondent.

OLCOTT, J. This is an appeal by the defendant from a judgment entered on May 10, 1898, on the verdict of a jury. The notice of appeal was served on May 17, 1898, and purports to appeal from the

order denying the motion for a new trial, as well as from the judg-
ment.    But, in fact, no motion for a new trial was theretofore made.
Such motion was not made until September 23, 1898, when an order
was entered denying the motion "with the same force and effect as
if a motion for a new trial on the same grounds had been made on the
minutes at the close of the trial, and denied."    The effect of this pro-
vision of the order cannot, we think, be properly claimed to have been
such that the notice of appeal served four months prior thereto brings
this order before us for review; and we must therefore hold that
no appeal has been duly taken from this order.

So far as the appeal from the judgment herein, and the matters
which it brings up for review, are concerned, our examination of the
evidence offered for the plaintiff convinces us that the defendant's
motion for a nonsuit, made at the end of the plaintiff's case, should
have been granted.    The plaintiff's evidence was insufficient to prove
his alleged employment by the defendant.    But instead of resting
upon the exception which the defendant took to the denial of that
motion, in which case that denial would have duly come before us
for review, the defendant chose to introduce its defense; and, at the
close of all the testimony, defendant did not renew its motion to dis-
miss, nor ask for the direction of a verdict.    It thereby conceded
that there was a question to go to the jury, and it waived the possi-
bility of a successful appeal from the denial of the motion for a non-
suit, made at the close of the plaintiff's case.    Entertaining our views
about the merits of the case, we are reluctant to decide this appeal
upon a technical question of practice, but the authorities do not per-
mit us to do otherwise.    Barrett v. Railroad Co., 45 N. Y. 632; Sul-
livan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36; Kaufman v.
Canary, 21 Misc. Rep. 302, 47 N. Y. Supp. 152.

The judgment appealed from must be affirmed, with costs.    All
concur.