(25 Misc. Rep. 715.)

### RILEY v. WAGNER.

(Supreme Court, Appellate Term. January 23, 1899.)

1. APPEAL—EVIDENCE—SUFFICIENCY—FAILURE TO OBJECT.

     A defeated defendant cannot object that the verdict was without evidence, where he made no objection to a submission of the case to the jury, though, after the introduction of plaintiff's evidence, and before the introduction of his own, he made a motion to dismiss the complaint.

2. SAME—REFUSAL OF NEW TRIAL.

     An order refusing a motion for new trial is not appealable, as Laws 1896, c. 748, authorizes an appeal from a decision on such a motion only where it is granted.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Mary A. Riley against Katie F. Wagner. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sidney H. Stuart, for appellant.

Edward L. Godfrey, for respondent.

BEEKMAN, P. J. This action was tried before the court and a jury. The defendant, at the close of the plaintiff's case, made a motion to dismiss the complaint, which was denied, and an exception was duly taken. She thereupon proceeded to put in her evidence, and the case was then closed. The motion to dismiss, however, was not renewed, nor was any motion made by her for the direction of a verdict in her favor; but the justice, without any objection on her part, proceeded to submit the case, upon the evidence, to the jury. This was a concession on the part of the defendant that there was evidence tending to prove the facts alleged against her, and was a·consent to the decision of the question by the jury, which precludes her from taking the position upon appeal that the verdict was without evidence, and therefore against law. Under such circumstances, the exception which was taken to the refusal of the court to dismiss the complaint at the close of plaintiff's case is of no avail. Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36; Helmuth v. Apgar, 17 Misc. Rep. 623, 40 N. Y.

Supp. 651; Kafka v. Levensohn, 18 Misc. Rep. 202, 206, 41 N. Y. Supp. 368. The jury, therefore, having found against the defendant, the latter cannot now be heard to impeach their verdict on the ground that the evidence was insufficient to support it.

After the verdict was rendered a motion was made for a new trial, under section 999 of the Code of Civil Procedure, which was denied. The order, however, is not appealable to this court; an appeal from the decision of the court below on such a motion being authorized only where a new trial is granted. Laws 1896, c. 748.

There are no other exceptions in the case which present reversible error, and the judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.