TIMPONE v. DRY DOCK, E. B. & B. R. CO.

(City Court of New York, General Term. April 27, 1899.)

APPEAL—REVIEW—EXCESSIVE DAMAGES.
    A verdict for personal injuries will not be set aside as excessive where the amount is not so large as to show that the jury were actuated by prejudice or corruption.

Appeal from trial term.

Argued before McCARTHY and CONLAN, JJ.

CRASWELL v. SOUTH BROOKLYN FERRY & TRANSPORTATION CO.

(City Court of New York, General Term. April 27, 1899.)

NEW TRIAL—CONFLICTING EVIDENCE.
    A new trial will not be granted because the verdict is against the weight of contradictory evidence, unless it is so clearly so as to show that the jury were influenced by passion, prejudice, or mistake, though the court would have reached a different conclusion.

Appeal from trial term.

Action by Euphemia Craswell against the South Brooklyn Ferry & Transportation Company. From a judgment for plaintiff, and an order denying a motion to set aside the verdict, and for a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Zabriskie, Burrill & Murray, for appellant.

Blandy, Mooney & Shipman, for respondent.

CONLAN, J. This is an appeal from a judgment rendered upon the verdict of a jury in favor of plaintiff, and from an order denying a motion to set aside the verdict, and for a new trial, on the ground that the verdict is excessive and contrary to the evidence. The action was brought to recover damages for an assault alleged to have been committed upon plaintiff by one of the defendant's employés while she was proceeding to take passage on one of the defendant's ferryboats at the foot of Thirty-Ninth street, in the city of Brooklyn. The answer denies the several allegations of the complaint. We have examined the evidence taken on the trial, and find that there was a sharp conflict between the plaintiff and the gateman, called on the part of the defendant, as to what actually did take place on the occasion complained of. It was said in Campion v. Parker (Sup.) 28 N. Y. Supp. 827:

"It is a general rule that a new trial will not be granted, on the ground that the verdict is against the weight of evidence, where the testimony is contradictory. It is only where the verdict is so clearly against the weight of evidence as to furnish proof that the jury were influenced by passion, prejudice, or mistake, that it should be set aside. It is not enough that the court would have reached a different conclusion from a careful study of the evidence."

We are satisfied that the verdict was not so clearly against the weight of evidence upon this question as to justify a reversal of the judgment. Hardcastle v. Heine (Sup.) 54 N. Y. Supp. 171; Millot v. Railroad Co., 64 Hun, 634, 19 N. Y. Supp. 122.

The jury fixed the amount of plaintiff's compensation under a fair and impartial charge from the court, and we are not disposed, under all the circumstances, to say that it was excessive. Stephens v. Knitting Co. (Sup.) 20 N. Y. Supp. 916; Sayles v. Hoetzel (Sup.) 20 N. Y. Supp. 554; Scott v. Association (Sup.) 26 N. Y. Supp. 691.

No errors of law were committed on the trial that call for a reversal of judgment, and the judgment and order appealed from must therefore be affirmed, with costs.

O'DWYER, J., concurs.