### PETROWSKY v. BERNSTEIN.

#### (Supreme Court, Appellate Term. March 8, 1912.)

1. LANDLORD AND TENANT (§ 168*)—DEFECTIVE PREMISES—CARE REQUIRED.

　　Where the wife of the janitor of an apartment building, in which the janitor by consent of the owner, occupied an apartment, was injured by a defect in the floor of the hall, of which she had knowledge, she was required to use unusual and extraordinary care commensurate with the risk in using the hallway under such circumstances.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 642, 643, 661, 662, 680; Dec. Dig. § 168.*]

2. LANDLORD AND TENANT (§ 169*)—INJURIES TO TENANT'S WIFE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

　　In an action for injuries to the wife of the janitor of an apartment building by a defect in the floor of a hallway of which she had knowledge, evidence *held* to require submission of the question of the landlord's negligence and plaintiff's contributory negligence to the jury.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

Appeal from City Court of New York, Trial Term.

Action by Anna Petrowsky against Sarah Bernstein. From a City Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Otto H. Droege, for appellant.

Lyman A. Spalding (Theodore H. Lord, of counsel), for respondent.

GUY, J. Plaintiff appeals from a judgment in favor of defendant, entered upon the dismissal of the complaint at the close of plaintiff's case. The action is brought to recover damages for injuries alleged to have been sustained by plaintiff through tripping and falling in a hole in the floor of a hallway in premises belonging to defendant, in which premises the plaintiff's husband, the janitor of the premises, occupied an apartment. The evidence shows that plaintiff assisted her husband in the performance of his duties, that the janitor's apartment was in the basement, just back of the furnace in the back part of the building, and that the accident occurred in the hall-

---

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

way immediately in front of the janitor's apartment, which hallway was very poorly lighted; there being two windows in the hallway, obscured by dirt. There was in the hallway a gas jet, which the defendant "would not permit * * * to be lit." Plaintiff admitted that she lit the gas jet when she swept the hall. The day of the accident was a dark and stormy day. It appears by the evidence that plaintiff had an intimate knowledge of the condition of the hallway and of the existence of the hole in the floor into which she fell. She testifies, as to the accident:

"I went out myself, and was going out very carefully, and as I was going out through that hallway, the hallway was very dark, and it made it still darker because I came out of the light room, and I didn't then just watch, and I fell. My right foot tripped in that hole, and I fell forward."

She further testified, as to the time when her foot caught:

"I was walking very slowly and carefully."

Further evidence was introduced as to the condition of the hallway, but none bearing directly upon the happening of the accident. At the close of plaintiff's case, the court dismissed the complaint on the ground of contributory negligence.

[1] I think this was a question for the jury. The plaintiff was lawfully occupying one of the apartments in the building, with the consent of the landlord, and had the right to use the hallway in going to and from the apartment occupied by her. Even though she had intimate knowledge of the condition of the floor of the hallway leading to her apartment, she was not precluded from exercising the right of entrance to and exit from her apartment under the conditions which prevailed in such hallway, over which the landlord had entire control. The duty unquestionably devolved upon her, with such knowledge of the defective condition of the floor, to use an unusual and extraordinary degree of care, a degree of care commensurate with the risk which she knew confronted her in using the hallway in such condition.

[2] Her testimony, however, shows that she had exercised a very considerable degree of care; and it was for the jury to say whether the care so used by her was such care as an ordinarily prudent person would have used under the circumstances, with knowledge of the then existing conditions in the hallway. See Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843. In Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114, on a similar state of facts, the court, in affirming a judgment for the plaintiff, said:

"The evidence is undisputed that the plaintiff came down the staircase in the dark, knowing of the alleged unsafe condition of the carpet. * * * We cannot adopt as a fixed rule that it is in and of itself contributory negligence for a person to use a stairway under such circumstances without providing himself with a light. Whether or not it was his own negligence in doing so is a question of fact, that must be left to the jury under all the circumstances of the case. * * * The most that can be required would be to hold that he must exercise great care."

Sufficient evidence was introduced establishing negligence on the part of the defendant, and the plaintiff made out a case which entitled her to go to the jury.

The dismissal of the complaint was therefore error, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.