## LATHER v. BAMMANN.

(Supreme Court, Appellate Division, First Department.  November 22, 1907.)

LANDLORD AND TENANT—UNLIGHTED HALLWAYS—CONTRIBUTORY NEGLIGENCE.
    In an action by a tenant for injuries received in falling down a stairway
    in a hallway which was not lighted as required by Tenement House Act,
    Laws 1901, p. 908, c. 334, § 82, *held*, that plaintiff was negligent and could
    not recover.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
    Tenant, § 642.]

    Patterson, P. J., and Houghton, J., dissenting.

Appeal from Trial Term.

Action by Conrad Lather against Peter F. Bammann.  From a
judgment for plaintiff, and an order refusing a new trial, defendant
appeals.  Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-
LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edwin A. Jones, for appellant.
Alexander B. Greenberg, for respondent.

INGRAHAM, J.  The plaintiff seeks to hold this defendant re-
sponsible for injuries sustained in falling down the stairway of a
tenement house of which defendant is the owner and in which the
plaintiff at the time of the accident resided.  The plaintiff occupied
the entire third floor of the building No. 262 West Nineteenth street,
in the city of New York.  In the rear of this building was the kitchen,
and adjoining it the dining room; both rooms opening into a hall.
Immediately opposite the kitchen door a stairway descended to the
street.  Immediately alongside this stairway there was a bath room,
the door of which also entered into the hall between the dining room
door and the stairway.  A person coming out of the dining room door
to enter the bath room door would turn to the left, and there was
but the width of a partition between the stairway and the bath
room door.  The plaintiff had occupied these premises for about
eight months, and was perfectly familiar with the situation.  There
was a gas jet in this hall, which was lighted at sundown, but was
extinguished at 10 o'clock at night, so that after that hour the hall
was dark.  The plaintiff had noticed this situation, and had never
known any gas to be lighted in the hall after 10 o'clock at night.
The plaintiff was in the habit of getting up at 6 o'clock.  He then
had his breakfast, and sometimes went to the bath room, and at half-
past 6 went to work.  On the morning of January 7, 1904, after his
breakfast, he came from the dining room into the hall.  What then
happened he described as follows:

    "I feel with my hand around, and I kicked.  I feel with my feet, and I tum-
bled the whole way down.  I was feeling with my hands, looking for to
feel the knob, and I could not find it."

The knob of the bath room door was about 6½ inches from the
stairway.  On this particular morning there was no light in the din-
ing room, but there was a light in the kitchen, which made it pos-

sible to see in the dining room without a light; but after going out from the dining room into the hall he shut the door behind him. Having thus shut the door from the dining room, which shut off all light into the hall, he started to feel for the knob on the bath room door, located but 6½ inches from the stairway. A daughter of plaintiff testified that she heard her father moan and came into the hall, and that as soon as she passed the bath room door to the head of the stairs she was able to distinguish the stairs, and from the head of the stairs saw plaintiff at the foot.

The only negligence alleged is a violation of section 82 of the tenement house law (chapter 334, p. 908, of the Laws of 1901), which provides:

"In every tenement house a proper light shall be kept burning by the owner in public hallways, near the stairs, upon the entrance floor, and upon the second floor above the entrance floor of said house, every night from sunset to sunrise throughout the year, and upon all other floors of the said house from sunset until ten o'clock in the evening."

It seems to have been conceded by the defendant that he had failed to comply with this provision of the statute. This failure to comply with the provision of the statute was evidence of negligence which would justify a recovery, unless the plaintiff was guilty of contributory negligence. From this evidence there would seem to be no question but that, if the dining room door into the hall had been left open, there would have been sufficient light to have enabled the plaintiff to find the door into the bath room. The plaintiff was perfectly familiar with the situation, was in the habit of going from the dining room into the bath room, and knew the stairs were right alongside the bath room door. He had lived in this apartment about eight months, knew that the gas had never been lighted upon this floor after 10 o'clock at night, and knew it was not lighted on the morning in question. When he walked out of the dining room he knew that the hall was dark. Yet he deliberately shut the door and excluded what light there was from his apartment, knowing that the door of the bath room and the stairway were immediately adjoining. The darkness of the hallway which caused the accident was thus brought about by his own act in excluding the light from the dining room, which would have enabled him to see the door to the bath room without exposing him to the risk of falling down the stairway. The plaintiff knew that adjoining the bath room door was the stairs, and yet deliberately closed the door and shut off light by which he could see where the door of the bath room was, and in groping around in the dark mistook the stairs for the door. The immediate cause of the lack of light was the act of the plaintiff in closing the dining room door, which excluded it from the hall.

The principle applied in the case of Piper v. N. Y. C. & H. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560, and Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420, bars a recovery. In the latter case, which was an action to recover damages caused by the negligence of the defendant in failing to keep a hallway lighted, it was said:

"But, whatever may be the reason that the plaintiff was unable to perceive the condition of the hall, that inability imposed upon her the duty of exercising greater caution or of refraining from proceeding further in the building without first finding out where she might safely go."

And there was quoted with approval the following from the Piper Case, supra:

"The plaintiff was guilty of contributory negligence in utterly failing to use that prudence which was especially incumbent upon him under the circumstances of the situation. The darkness called upon him to use it, and, had he done so, the accident could not, within any reasonable probability, have happened. A person whose power of vision is temporarily obstructed by some supervening condition should take the greater care, and should, if it be possible, await its passing away. If he neglects to proceed cautiously, he must accept the consequences of his undue precipitation."

The present case is much stronger against the plaintiff, for here the plaintiff's voluntary act so obstructed the light that he was unable to see the door of the bath room, and then, instead of opening the door through which he had just passed, and which would have caused the hall to be light enough to avoid danger, knowing that the door to the bath room and the stairs were close together, proceeded to grope around in the darkness until he fell down the stairway.

I think this was clearly contributory negligence, and the judgment and order must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). I do not think the plaintiff was guilty of contributory negligence as a matter of law. He had the right to use the hallway, and it was necessary for him to do so. As he left the dining room, he testifies, he began to feel, presumably with his outstretched hand, for the knob of the dining room door. He repeatedly describes himself as feeling along with his right hand. Under such circumstances it is fairly to be inferred that he was walking carefully and slowly. The situation is unlike that in Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420. In that case the plaintiff was making a tour of discovery of a strange building and deliberately walked into a dark passageway.

In Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114, the tenant knew of the torn carpet on the stairway which he was descending in the dark. This court held that whether or not he was guilty of contributory negligence was a question for the jury. And in Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385, this court also held that the using of a stairway in darkness was not contributory negligence as matter of law, and reversed a nonsuit.

The prevailing opinion concedes that the question of defendant's negligence was for the jury, and I think plaintiff's contributory negligence was also a matter for the jury, which they properly decided.

I therefore think the judgment should be affirmed.

PATTERSON, P. J., concurs.