(136 App. Div. 857.)

## BAUMLER v. WILM et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

LANDLORD AND TENANT (§ 168*)—INJURIES FROM DEFECTIVE PREMISES—PROXIMATE CAUSE.

The violation of the tenement house law (Consol. Laws, c. 61) by the owner of a tenement house in failing to properly light hallways, and in that the first step into the basement is 12 inches, instead of 8, does not render him liable for injuries to a guest of a tenant in falling into the basement, if contributory negligence was the proximate cause of the accident.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 642, 643; Dec. Dig. § 168.*]

Hirschberg, P. J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Margaretha Baumler against Theodore Wilm and others. Plaintiff had judgment, and defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, WOODWARD, and CARR, JJ.

Anthony P. Hodgins, for appellants.

Saul S. Myers (Louis Salant, on the brief), for respondent.

WOODWARD, J. The defendants were the owners of a tenement house in the borough of Brooklyn. On July 4, 1909, the plaintiff was a guest of her daughter, who was a tenant of the defendants, occupying rooms on the ground floor of the premises. At about 1 o'clock in the afternoon of that day she started to go down a flight of stairs to the cellar for the purpose of emptying a garbage pan. The entrance to the stairway was from the inside hall. Both the hall and the cellar stairway were dark. There were no artificial lights. The plaintiff, carrying the garbage pan in her left hand, opened the cellar door with her right; and, as she was in the act of taking the first step down, she reached for the handrail, missed it, and fell to the bottom of the stairs, sustaining injuries for which she recovered a judgment of $206. The defendants appeal.

The action was brought upon the theory that the defendants were chargeable with negligence as a matter of law by reason of not having complied with the provisions of the tenement house law (Consol. Laws, c. 61) relating to the lighting of hallways. This is not sufficient to sustain the judgment, conceding that all the allegations of the complaint on that point were proved, in view of the obvious contributory negligence of the plaintiff. The want of lights was not the proximate cause of the accident. The dangers of the situation were obvious. A lighted candle carried by the plaintiff would have overcome them. The plaintiff's errand was not one of necessity. She had been to the cellar before through an outside entrance, which was available to her on this occasion. Her excuse for not taking this route was that she did not want to be seen carrying a garbage can on Sunday. There is some evidence that the handrail in the cellarway did not reach to the top of the stairs, and that the first step down was 12 inches, and not 8, as required by law. But this does not aid the plaintiff in overcoming the inference, clearly deducible from her own testimony, that she was guilty of contributory negligence. She assumed the obvious risk, and the defendants should not be required to pay for her error of judgment.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.