## DRISCOLL v. DUVAL CO.

(Supreme Court, Appellate Term. November 11, 1910.)

MASTER AND SERVANT (§ 235*)—INJURIES TO SERVANT.

     Where a servant employed in defendant's warehouse was furnished with a lantern to light him about the place, and without using a lantern he entered a dark and unfamiliar stairway, in search of the toilet, and was injured by stepping off, when he erroneously thought he had reached the bottom, the defendant was not liable.

     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Florence Driscoll against the Duval Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Lyman A. Spalding (Floyd K. Diefendorf, of counsel), for appellant.

Cowan, Ketchum & Marcus (Benjamin Marcus, of counsel), for respondent.

---

PAGE, J. This action is one to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. The plaintiff was employed by the defendant as an extra man, as a paper handler, in defendant's warehouse. There were no lights in the warehouse, and the employés were not allowed to carry matches, owing to the inflammable character of the contents of the warehouse; but lanterns were provided for the use of employés. The plaintiff had been employed in the same capacity by the defendant three or four weeks before his present employment. During that time, having occasion to go to the toilet on a lower floor, he proceeded there by one of the elevators, carrying a lantern. On the second day of the present employment, desiring to go to the toilet, the elevator not being convenient, he inquired of a fellow workman if there was not another way, and was told he could go down the back stairs. He proceeded down this stairway, which was dark and unlighted, groping his way, and without carrying a lantern. Near the bottom of the stairs there was a door, which plaintiff opened, and, thinking he had reached the bottom, stepped off, and fell down one step to the floor, and sustained injuries to his left leg and foot. The defendant offered no evidence, resting on the motion to dismiss made at the close of plaintiff's case. Judgment was given for plaintiff.

This stairway was not a passageway necessarily used by the plaintiff as a means of ingress and egress to his work. He saw the stairway was dark and unlighted. He was unfamiliar with it, yet he proceeded, heedlessly, to grope his way in the dark. Had he carried a lantern, he would in all probability have seen the step beyond the door. The proximate cause of the injury was, therefore, his own carelessness. Men cannot deliberately walk down dark stairways, along dark hallways, and through doors in darkness, and recover damages for resultant injuries under the circumstances disclosed in this case. Hilsenbeck v. Guhring, 131 N. Y. 674, 675, 676, 30 N. E. 580; Weller v. Con. Gas Co., 198 N. Y. 98, 101, 91 N. E. 286; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Baumler v. Wilm, 136 App. Div. 857, 122 N. Y. Supp. 98.

The judgment should therefore be reversed, and a new trial had, with costs to appellant to abide the event. All concur.