## SCHINDLER v. WELZ & ZERWECK.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

1. LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—INJURY TO TEN-
ANT—NEGLIGENCE.

Failure of a landlord to maintain a light burning at night in the hall of a tenement, either on the entrance floor or on the second floor above the entrance floor, as required by Tenement House Law (Consol. Laws 1909, c. 61) § 76, constitutes actionable negligence, if the absence of the light be the proximate cause of a tenant's injuries.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 633; Dec. Dig. § 164.*]

2. LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—HALL LIGHTS.

Under Tenement House Law (Consol. Laws 1909, c. 61) § 76, providing that a landlord shall keep a light burning in the hall on the entrance floor from sunset to sunrise, and on the second floor above the entrance floor, the landlord's failure to keep a light on the first floor above the entrance floor is not actionable negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 633; Dec. Dig. § 164.*]

3. LANDLORD AND TENANT (§ 169*)—INJURIES TO TENANT—DANGEROUS STAIR-
WAY—ABSENCE OF LIGHTS.

Where plaintiff alleged that she fell down a stairway in a tenement house, caused by the absence of a light in the hall, and the only proof was that she fell after descending two or three steps, without any evidence of a defect in the stairs, or in the condition of the stairway or its belongings, or that a light at the entrance in the hall "near the stairs," required by Tenement House Law (Consol. Laws 1909, c. 61) § 76, if burning, would have shown the way on the stairs which were curving, the absence of the light was not shown to have been the proximate cause of the injury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 665; Dec. Dig. § 169.*]

4. LANDLORD AND TENANT (§ 169*)—INJURIES TO TENANT—FALLING DOWN
STAIRS—ABSENCE OF LIGHT—CONTRIBUTORY NEGLIGENCE.

In an action by plaintiff, who had lived in a tenement house for some months, for injuries caused by falling down stairs, *held* that, in the absence of evidence as to the manner in which plaintiff attempted to descend the stairs, there was no proof of her exercise of due care sufficient to sustain a recovery.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 665; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Samuel Schindler against Welz & Zerweck. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Solomon S. Schwartz, for appellant.

Charles M. Davenport (Harry E. Lewis, on the brief), for respondent.

JENKS, P. J. This action is by tenant against landlord of a tenement house to recover damages for personal injuries consequent upon

---

a fall in descending a stairway that led from the entrance floor to the second floor of the house. The appellant is the plaintiff, who was dismissed at the close of her case, upon motion made, upon the grounds that the plaintiff had failed to show absence of contributory negligence or negligence of the defendant or to make out a case.

[1, 2] The accident happened after 10 o'clock p. m. There was proof that there were then no lights burning on either of the said floors. It is correctly contended that absence of such lights, when in violation of section 76 of the tenement house law (Consol. Laws 1909, c. 61), is evidence of negligence. Lather v. Bammann, 122 App. Div. 13, 106 N. Y. Supp. 790; Jones v. Ryan, 125 App. Div. 282, 109 N. Y. Supp. 156. The absence of a proper light burning on the entrance floor from sunset to sunrise is such a violation, but the absence of such a light upon the first floor above the entrance floor is not; for the statute requires such a light from sunset to sunrise only upon the entrance floor and the *second* floor above the entrance floor.

[3] To cast liability, there must be proof of causal connection between the negligence and the injury. While it is true that the statute required a proper light in the entrance hall "near the stairs," it did not follow that the plaintiff's fall was in any way assignable to the absence of such a light. There is no proof that permits even an inference that such light would have shown the way upon these stairs, which were "curving," and the proof merely is that the plaintiff fell after descending two or three of the steps. There is no suggestion that there was any defect in the stairs, or in the condition of the stairway, or of any of its belongings.

[4] Moreover, the plaintiff failed to prove such care upon her part as justified a submission of the question of contributory negligence to the jury. She attempted to descend in order to meet an expressman. She had lived in her apartment for some months. There was a light in it at this time. It is clear enough that she had the means of furnishing herself with light by a candle, and, for aught that appears, she could have lighted the gas jet in her hallway. But she chose to venture out into that hallway, where the darkness was so dense that she could not see the wall, and to seek the stairs in that darkness. Her evidence is that she walked along the hallway, "usually the way I am going, * * * slow, my usual way of going, not running." Although it is not contributory negligence as matter of law (Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114; Lee v. Ingraham, 106 App. Div. 167, 94 N. Y. Supp. 284) to use a stairway without first providing one's self with a light, yet there must be proof that such use was with due care under the circumstances. The nature thereof is expressed in Kenney v. Rhinelander, supra, as "great care." But there is no evidence whatever as to the manner in which the plaintiff essayed to descend. See Baumler v. Wilm, 136 App. Div. 858, 122 N. Y. Supp. 98.

The judgment must be affirmed, with costs. All concur.