## HORN v. BREAKSTONE.

(City Court of New York, Trial Term.   December 26, 1911.)

1. LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—INJURY TO TENANT—NEGLIGENCE.

   Failure of a landlord to keep a proper light burning at night in the public hallways upon the entrance floor of a tenement, as required by Tenement House Law (Consol. Laws 1909, c. 61) § 76, is actionable negligence.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 633; Dec. Dig. § 164.*]

2. LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—INJURY TO TENANT—LANDLORD'S NOTICE OF DEFECT.

   Before a landlord can be held liable for injuries to a tenant by falling upon an apple skin on the stairs, he must have actual or constructive notice that the apple skin had been on the stairs.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 641; Dec. Dig. § 164.*]

3. LANDLORD AND TENANT (§ 164*)—INJURY TO TENANT—UNLIGHTED PASSAGEWAYS—PROXIMATE CAUSE.

   Where plaintiff, living in a tenement, left his apartment in early morning, when it was dark, and found that the gas was not burning, and, after failing to light the gas on the wall of the hallway, descended the dark stairs, with the aid of matches which he lighted on the way, safely to the last landing above the floor of the main hallway, and there slipped on an apple skin, and fell to the floor below, and sustained injury, and it was not shown by whom the apple skin had been dropped there, or how long it had been there, or that the landlord had any notice that it was there, the landlord's failure to keep the hallway on the entrance floor lighted, as required by Tenement House Law (Consol. Laws 1909, c. 61) § 76, was not the proximate cause of the injury.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 633; Dec. Dig. § 164.*]

Action by Joseph Horn against Isaac Breakstone.   On motion for new trial after nonsuit.   Motion denied.

Leopold Freiman, for plaintiff.
James B. Henney, for defendant.

FINELITE, J.   The plaintiff brings this action to recover of the defendant damages for injuries sustained through the alleged negligence of the defendant in failing to keep and maintain a proper light of premises No. 1048 Forest avenue, city of New York; said premises commonly known as a tenement house, and owned and controlled by the defendant, and in which said plaintiff was a tenant. On the trial of the action, and at the end of plaintiff's case, on motion of the defendant, a nonsuit was granted.   The plaintiff then moved for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure, which motion was entertained by the court.

It appears from the facts herein: That on December 24, 1910, before sunrise, and between 6:30 and 6:45 a. m., plaintiff left his apartment on the fourth floor of said premises to go to work.   When he came out of his apartment to descend the stairs, he found that the

gas was not burning, and, upon seeing the dark condition of the hallway, he took a match out of his pocket and endeavored unsuccessfully to light the gas of the gas bracket on the side of the wall of the hallway. Thereupon, with the aid of matches which he lighted, he descended through the darkness safely to the last landing, seven steps above the floor of the main hallway. Having had no more matches, as he came down from the landing on the first step he slipped and fell down to the hall below and received the injuries complained of. That when he descended he held his hand on the banister, and he noticed that the light was not lit on the ground floor, where there is usually a light at night, and when lit it casts its rays on staircase from the main hallway to where plaintiff slipped and fell. Above this staircase on the right side of the hall is a large window, and also one on the second landing above. On cross-examination the plaintiff testified as follows:

"Q. You are sure when you fell, you did not miss the steps? A. I did not. Q. You were all right on the step, and when you stepped on something slipped? A. Yes, sir. Q. You remember, so you can say your foot was on the step all right? A. Yes, sir. Q. You could feel your foot was on the step. Which foot slipped, by the way? A. I don't know which foot. Q. But you do know you slipped on something, and that is the reason you fell? A. Yes, sir. Q. It was not because you missed your step, but because you slipped on something, and that something was an apple skin? A. Going up, I found it out; it was light then. Q. Which step was it on when you went up? A. On the top step. Q. Where it was when you stepped on it and slipped down? A. Yes, sir. Q. You feel sure you slipped on that skin? A. Yes, sir. I slipped and fell down; tumbled down. Q. That's what made you fall; slipping on an apple skin? A. Yes, sir. Q. How big an apple skin was it? A. That size (indicating); looked like somebody would peel an apple and throw it down."

Joseph White, the janitor, testified on cross-examination as follows:

"Q. Before you locked up that night, before the accident, you turned on and lighted fully the gas at the bottom in front of the stairs? A. Yes, sir. Q. This was 10 o'clock at night? A. Yes, sir. Q. It was burning when you left? A. Yes, sir. Q. And the first thing you knew of its not burning was when Horn told you it was out? A. No, sir, I heard the scream. Q. When you heard the scream? A. Yes, sir. Q. You say you went and tried to light the gas? A. Yes, sir. Q. At the foot of the stairs, and found it would not light? A. Yes, sir. Q. You found it would not light, because there was water in the pipe? A. Yes, sir. Q. And you found as soon as the water was taken out the gas lighted? A. Yes, sir. Q. Can you tell us what caused the water to get in the gas pipe? A. I don't know. Q. This was cold weather? A. Yes, sir; stormy weather. Q. Each night, before you closed up and went to bed you put out the electric light and lit the gas at the foot of the stairs and every other landing, and you did it on this night? A. Yes, sir."

The foregoing are the facts which are material to the issue as bearing on the question in relation to what was the proximate cause which contributed to the plaintiff's injuries.

[1] The plaintiff contends that the fact that there was no light burning on the ground floor of the premises in question, in violation of section 76 of the tenement house law, is conclusive evidence of negligence. This action is brought under the said statute. Section 76,

article 4, chapter 99, Laws 1909, chapter 61, Consolidated Laws, reads as follows:

"Public halls. In every tenement house a proper light shall be kept burning by the owner in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, above the entrance floor of said house, every night from sunset to sunrise throughout the year, and upon all floors of said house from sunset until 10 o'clock in the evening."

In Schindler v. Welz & Zerweck, 145 App. Div. 532, at page 533, 130 N. Y. Supp. 344, at page 346, which was an action brought against the owner of a tenement house for injuries received by the plaintiff caused by the failure of the owner to keep a proper light in the hallways of his premises, the court said:

" * * * The accident happened after 10 o'clock p. m. There was proof that there were then no lights burning on either of the said floors. It is correctly contended that absence of such lights, when in violation of section 76 of the tenement house law, is evidence of negligence." Lather v. Bammann, 122 App. Div. 13, 106 N. Y. Supp. 790; Jones v. Ryan, 125 App. Div. 282, 109 N. Y. Supp. 156.

In Enet v. Remsen Realty Co., N. Y. Law Journal, November 3, 1911, the court said that the negligence of the defendant in failing to light the halls as commanded by the statute was practically conceded. The important question is whether plaintiff was guilty of contributory negligence in attempting to descend the stairs in the dark. I do not think I can hold her guilty of negligence as matter of law. She must of necessity go up and down stairs, and her method of protecting herself under the circumstances was for the jury to pass upon, not the court. She said she felt her way continuously. The claim that she assumed the risk of the dark stairway by remaining in the premises is not well founded. The Legislature having directed certain kinds of protection for tenants, I do not think the landlord should be heard to urge that the tenants have "waived" the protection given them by the Legislature simply because they remained in the house; sometimes tenants must remain whether they wished or not.

As to plaintiff's action in shutting the door, I do not think the facts here are similar. Lather v. Baumann, 122 App. Div. 13, 106 N. Y. Supp. 790; Piper v. N. Y. C. R. R., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560. In the case at bar the floor opening into the hall was a small service in the way of lighting stairs. The light was dim; the gas fixture was at some distance down the plaintiff's hall. I think it was for the jury to say whether she exercised due care.

[2, 3] The question now arises, Were the plaintiff's injuries caused by the failure of the defendant to keep a proper light in the hallway of the premises in question, or was the proximate or immediate cause of the plaintiff's fall caused by the slipping upon the apple peel on the steps? In Davy v. Lyons, 71 Misc. Rep. 139, 140, 127 N. Y. Supp. 1083, the same question arose for consideration; for, in violation of the tenement house law, there was no light in the hallway, and the plaintiff, while ascending the stairs, was run into and injured by reason of colliding with a boy who was negligently running down the

stairs. The lack of light made it impossible for the plaintiff to see the boy and avoid him; the court writing as follows:

"Conceded that the darkness of the hallway was chargeable to the defendant's negligence through failure to observe the requirements of the tenement house law, this did nothing more than furnish a condition by which the injury was made possible. The injury would not have occurred, but for the independent act of the boy in negligently running down the stairs and colliding with the plaintiff. * * * How is it possible, then, to hold that the darkness was the proximate cause of the injury? An able writer on negligence stated the proposition: 'Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff; is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent human action.' Whart. § 134. The Supreme Court of the United States said: 'The question also is, Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some independent cause intervening between the wrong and the injury?' M. & St. P. Ry. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256. The defendant in this case was chargeable for all the consequences that naturally flow from her negligent act, and was liable for the consequences which could have been reasonably foreseen. It cannot be said that the boy heedlessly and carelessly running down stairs naturally followed from the darkness of the hallway. Nor could the defendant reasonably forsee his negligent act in thus running into the plaintiff. The reasonable acts of a prudent man may be foreseen, but the negligent acts of a careless person are beyond the ken of human foresight. The principles controlling this case are well known. Their application to a particular case is difficult, and a citation of authorities without a careful consideration of the facts of each case is not profitable. It may be that the negligence of the defendant in failing to properly light the hallway was cause sine qua non, but the causa causans was the negligence of the boy in colliding with the plaintiff. For this act of an independent third person the defendant cannot be held liable."

In the case at bar how can it be said that the placing of the apple skin which caused the plaintiff's fall naturally followed from the darkness of the hallway? Nor can it be said from the evidence in this case that the defendant could reasonably have foreseen the presence of this apple skin upon the stairs. The evidence fails to show the agency which placed it there or the time it had remained in its position. Before the defendant could be called upon to answer for the plaintiff's injuries, it would be necessary for the plaintiff to give proof of notice, actual or constructive, that the apple skin had been on said stairway of said premises. Dudley v. Abraham, 122 App. Div. 480, 481, 484, 107 N. Y. Supp. 97; Reeves v. 14th St. Store, 110 App. Div. 735, 736, 737, 96 N. Y. Supp. 448; Kaplowitz v. Interborough R. T. Co., 53 Misc. Rep. 646, 647, 103 N. Y. Supp. 721; Scholtz v. Same, 48 Misc. Rep. 619, 95 N. Y. Supp. 557; Benson v. Man. Ry., 31 Misc. Rep. 723, 724, 65 N. Y. Supp. 271.

From the testimony above quoted it is apparent that the proximate cause of plaintiff's injuries was the apple skin on said stairway, and not the lack of light, as contended by the plaintiff. The complaint was correctly dismissed.

The motion for a new trial must therefore be denied. So ordered. Submit order.