BORNSTEIN v. FADEN et al.

(Supreme Court, Appellate Division, First Department.   February 2, 1912.)

1. APPEAL AND ERROR (§ 173*)—QUESTIONS NOT RAISED BELOW.
     .   A defense not raised in the trial court is not available on appeal.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120;  Dec. Dig. § 173.*]

2. LANDLORD AND TENANT (§ 168*)—USE OF PREMISES—CONTRIBUTORY NEGLI-GENCE.
        It is not contributory negligence as a matter of law for an occupant of a tenement to use the stairway with knowledge that it is not lighted by the owner as required by Tenement House Law (Consol. Laws 1909, c. 61) § 76.
        [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 642, 643, 661, 662, 680;  Dec. Dig. § 168.*]

3. LANDLORD AND TENANT (§ 169*)—USE OF PREMISES—CONTRIBUTORY NEGLI-GENCE.
        Whether an occupant of a tenement, who used a stairway with knowl-edge that it was not lighted, was guilty of contributory negligence, pre-cluding a recovery for her death, caused by falling down the stairway, held under the evidence for the jury.
        [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

4. LANDLORD AND TENANT (§ 164*)—OBLIGATIONS OF LANDLORD—STATUTORY OBLIGATIONS.
        Tenement House Law (Consol. Laws 1909, c. 61) § 76, requiring the owner of a tenement to keep a proper light in the public hallways near the stairs on the entrance floor and on the second floor, requires a light in the lower hallways near the stairs on the entrance floor sufficient to light the entire lower stairway and to enable people lawfully using the stairs, by exercising proper care, to see the steps and avoid stumbling.
        [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641;  Dec. Dig. § 164.*]

5. LANDLORD AND TENANT (§ 169*)—NEGLIGENT FAILURE TO LIGHT STAIRWAYS —QUESTION FOR JURY.
        In an action for the death of an occupant of a tenement, falling down unlighted stairs, evidence held to require submission to the jury of the issue of the negligence of the owner in failing to maintain proper lights in the hallways near the stairs as required by Tenement House Law (Consol. Laws 1909, c. 61) § 76.
        [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]
        McLaughlin and Miller, JJ., dissenting.

Appeal from Trial Term, New York County.
Action by Pauline Bornstein, as administratrix of Brucha Frieda Goldman, deceased, against Beni Faden and another.   From a judg-

ment dismissing the complaint and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

L. B. Boudin, for appellant.
Walter G. Evans, for respondents.

LAUGHLIN, J. This is a statutory action to recover for the death of Brucha Frieda Goldman, alleged to have been caused by the negligence of the defendants in failing to light the hallways of the tenement building known as No. 14 Clinton street, borough of Manhattan, New York, between sunset and sunrise, as required by the provisions of section 76 of the tenement house law, being chapter 61 of the Consolidated Laws. The defendants were the owners of the premises and building, which was a six-story tenement house with three apartments on each floor. The decedent resided with relatives in one of the apartments on the second floor, being the first floor above the ground floor. She was 17 years of age, and was well and strong and sewed by hand as a piece worker for a living. The second floor was connected with the entrance hallway on the ground floor by a stairway consisting of 16 steps. Shortly before sunrise on February 2, 1909, the decedent was on her way from the apartment, of which she was one of the occupants, to the street, and to do this she was obliged first to pass easterly along the hallway, separated from the stairway by a railing, and then to turn to her right and go down one or two steps to a platform or landing at the head of the main stairs, and then after still further turning to her right to proceed westerly down to the street. There was no light in the hall on the second floor, and the lower hall was not lighted. The only eyewitness to the accident came out of the apartment with the decedent and was within a few feet of her. She testified that the decedent was walking slowly with her hand on the railing or banister of the stairs, and that as she turned to go down the stairs she fell, and that, "when she slipped her foot, she hollered out."

The testimony of the eyewitness tends to show that decedent did not fall until after she reached the landing or platform at the top of the main flight of stairs, but she could not tell whether decedent fell from the first or second step at the top of the main stairs; but she says that she saw decedent falling when four or five steps down. This witness gave further testimony tending to show that she saw the decedent slip "two or three or four steps below this platform," meaning the said landing or platform at the head of the main stairs, which was one or two steps below the hall above, and she finally stated that decedent was a few steps below the landing when she saw her body falling, but that she did not know whether decedent "slipped on the top stair or on the next stair." The decedent fell to the foot of the stairs and struck her head and died as the result of the injuries sustained. The evidence further tended to show that it was quite dark in the hallway and on the stairs at the time of the accident, and immediately after the accident, in order to see to pick the decedent up and carry her back to her apartment, the gas in the lower hallway was lighted.

At the close of the plaintiff's evidence, the complaint was dismissed on motion of counsel for the defendants on the grounds that plaintiff had failed to establish a cause of action or to show any negligence on the part of the defendants which was the proximate cause of the accident, or that decedent was free from contributory negligence.

We are of opinion that the evidence required the submission of the case to the jury. Section 76 of the tenement house law provides as follows:

"Public Halls. In every tenement house, a proper light shall be kept burning by the owner, in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, above the entrance floor of said house, every night from sunset to sunrise throughout the year, and upon all other floors of said house from sunset until ten o'clock in the evening."

[1] Counsel for respondents attempts to sustain the judgment on the ground that it was not shown that the occupants of the 18 apartments in this building did their cooking on the premises, which by the provisions of section 2 of the tenement house law was essential to constitute the building in question a tenement house. That precise point was not taken on the trial, and we are of opinion that it is not now available to the respondents. Moreover, it is manifest that such proof could readily have been given, for it appears that decedent and those occupying the apartment with her were accustomed to go out early in the morning to get food for their breakfast, which is some indication that it was to be cooked in the apartment.

[2, 3] It was not contributory negligence as matter of law to use the stairway knowing that it was not lighted, for the decedent had a right to use it (Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385); and, this being a death case, the evidence sufficiently shows the exercise of proper care on the part of the decedent to require the submission of the question of her freedom from contributory negligence to the jury. There is no evidence that the stairs were obstructed or out of repair, and it is fairly to be inferred that they were not, as there is nothing to account for the accident other than possible want of care on the part of the decedent or inability on her part to see her way. The evidence tends to show that the decedent slipped; but I think it is not material whether she actually slipped, stumbled, or missed a step, for, whether her fall was due to slipping or stumbling or missing a step, the jury could have found that she was proceeding down the stairs carefully.

[4, 5] The question in the case requiring serious consideration is whether the mere fact the statute was not complied with in respect to lighting the lower hallway is sufficient evidence of negligence on the part of the defendants to present a question of fact for the jury as to whether the violation of the statute was the proximate cause of the accident. We are of opinion that the Legislature in enacting this statute contemplated, by the use of the words "proper light," that the light to be maintained in the lower hallways near the stairs on the entrance floor should be sufficient to light the entire lower stairway and to enable people lawfully using the stairs, by exercising proper care, to see the steps and avoid slipping, stumbling, or missing their

foothold.  Tested by this rule, the evidence of negligence on the part of the defendants was sufficient to take the case to the jury.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and DOWLING, J., concur.

McLAUGHLIN, J. (dissenting).  I am unable to concur in the opinion of Mr. Justice LAUGHLIN.  The absence of a light, being in violation of section 76 of the tenement house law, established, prima facie, the negligence of the defendants; but it does not follow that the fall of the intestate which resulted in her death was in any way due thereto.  There is absolutely no proof in the record, as I read it, that permits even an inference that the absence of the light was the proximate cause of the intestate's fall.  The only eyewitness of the accident testified that:

The intestate "was walking by the bannister of the stairs by the railing, a railing like this [indicating].  I noticed how she was walking.  She was walking slow, ordinary walk.  She had hold of the bannister with her right hand.  I was walking near the wall.  I was just near her.  There was no light at that time in the hall at all.  She then turned at the stairs and fell down.  I did not see.  I heard her fall down.  I heard the fall.  I did not see it.  When she slipped her feet, she hollered out.  I heard her fall down."

Whether the fall were occasioned by an obstruction upon, or the condition of, the stairs, her own carelessness, or the absence of the light, does not appear.  One can conjecture that it was due to one of these causes as well as the other, but property cannot be taken from one person and given to another upon a mere guess.  Its security rests upon a more substantial basis.  It is a matter of common knowledge that people sometimes fall down stairs in broad daylight.  Before a recovery can be had in an action to recover damages for negligence, there must be proof of causal connection between the negligence and the injury.  While it is true, in case of death of the injured person, there being no eyewitness of the occurrence, slight evidence may suffice, nevertheless, in all of these cases there must be some fact or circumstance proven from which an inference may be drawn that the deceased exercised due care.  Schindler v. Welz & Zerweck, 145 App. Div. 532, 130 N. Y. Supp. 344; Phillips v. Kraft, 136 App. Div. 859, 122 N. Y. Supp. 198; Jones v. Ryan, 125 App. Div. 282, 109 N. Y. Supp. 156.

The only fact which here appears is that the intestate, while attempting to go down the stairs, fell and sustained injuries from which she died shortly thereafter.  I do not see how it can be said from such fact that there was any proof of the exercise of any care whatever on her part.  Nor do I see how a recovery could be sustained if the plaintiff had had a verdict, unless the rule that plaintiff must prove freedom from contributory negligence is to be abolished.

I am of the opinion that the complaint was properly dismissed, and for that reason vote to affirm the judgment.

MILLER, J., concurs.