### HOGAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Trial Term, Monroe County.  August 7, 1912.)

1. MASTER AND SERVANT (§ 113*)—DEATH OF SERVANT—SAFE PLACE—ENGINE ROUNDHOUSE.

Where a doorway of an engine roundhouse was constructed when the engines used were smaller and then afforded sufficient clearance between an engine and the door jamb, such construction did not show an exercise of due care to provide employés with a safe place to work, when by the subsequent use of larger engines the clearance became unsafe, resulting in the death of an engineer while attempting to board an engine as it was being run out of the roundhouse.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 213, 224–227; Dec. Dig. § 113.*]

2. MASTER AND SERVANT (§ 286*)—DEATH OF SERVANT—UNSAFE PLACE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for death of an engineer by being crushed between an engine he was attempting to board as it was being run out of a roundhouse, and a door jamb, owing to insufficient clearance, whether defendant was negligent in failing to provide a proper opening, and whether plaintiff was guilty of contributory negligence, under the Labor Law (Consol. Laws 1909, c. 31), held for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

3. DEATH (§ 99*)—DAMAGES—EXCESSIVENESS.

In an action for the death of a railroad engineer, engaged as an engine hostler at a division point, but who had previously worked as a freight engineer, a verdict awarding plaintiff $18,375 was excessive, and would be reversed, unless plaintiff consented to a reduction to $12,000.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

Action by Margaret A. Hogan, as administratrix, etc., against the New York Central & Hudson River Railroad Company, to recover for the alleged wrongful death of her husband.  A verdict was rendered in favor of plaintiff for $18,375, and defendant moves for a new trial. Verdict ordered set aside as excessive unless plaintiff consent to a reduction to $12,000.

Newell, Chapman & Newell, for plaintiff.

Harris, Beach, Harris & Matson, for defendant.

SUTHERLAND, J.  Plaintiff's intestate was an engineer, employed by the defendant as a hostler in and about the roundhouse on Atlantic avenue in Rochester.  He was caught between an outgoing engine which he had just boarded and the jamb of the doorway in the outer wall of the roundhouse, and died from the injuries received March 17, 1912.  The clearance between the engine and the side of the doorway was only eight inches.  The intestate, whose duty it was to see that the engine was properly placed upon the storage tracks outside, had been talking with his superior officer in an alleyway leading from the inside of the roundhouse where the turntable was situated, at a point five or six steps inside the outer doorway, and caught hold of the grabirons as the engine passed, and got part way up the gangway

when his body was caught between the tank and the jamb. One witness says the engine was going three or four miles per hour without steam when decedent attempted to board it; the engine being operated by the fireman.

[1] When the doorway was constructed, the engines in use were not so large as those of later construction, including the one he was attempting to board. What once may have been a fairly safe clearance is now found by the jury to be too small for reasonable safety. Decedent had been employed steadily as a hostler at this roundhouse for about six months. He had been working as an engineer about eight years, sometimes at the roundhouse and sometimes running freight engines on the road.

[2] If it was necessary to have such a narrow clearance for the reasonable operation of the road or the support of the building itself, it cannot well be said that the defendant is censurable for the risk attendant upon the maintenance of the structure in that form; but there is nothing to show that the roof could not have been safely supported with a wider opening at that point; and if the defendant in the exercise of reasonable care should have anticipated that in the course of their work employés would at times be exposed to danger from this narrow clearance, it was actionable negligence not to provide a safer way.

At the Wayne Trial Term in May, 1908, in Stickles, as Administrator, v. N. Y. C. & H. R. R. R. Co., a verdict was directed in favor of the defendant, which ruling was affirmed in 131 App. Div. 923, 115 N. Y. Supp. 1145; the intestate in that case, a brakeman, having been killed at this same roundhouse at the inside entrance of the alleyway where the walls converge, furnishing a clearance at that point between the engine then being operated and the wall of only four inches. Since the trial of the Stickles Case, the Labor Law (Consol. Laws 1909, c. 31) has been amended, placing the burden of proof with respect to contributory negligence upon the defendant in cases brought under the statute, and practically eliminating the defense of assumed risk, except as to those risks which are necessarily incident to the business. So that the Stickles Case does not necessarily control on this motion. Defendant's counsel also called attention to New York, New Haven & Hartford R. Co. v. Dailey, 179 Fed. 289, 102 C. C. A. 660, reversing (C. C.) 167 Fed. 592, where a hostler was caught in a roundhouse in Connecticut between the engine and a post, 11 inches away from the edge of the engine, while attempting to alight at that particular point to block the engine which was "dead" and had been "kicked" off the turntable by another engine, and was in danger of running into the wall of the roundhouse. The Circuit Court of Appeals held that the railroad was not required to guard against "such an extraordinary combination of circumstances as produced the injury in question."

I am inclined to think, with due respect to the authorities relied upon by the defendant, that, under the Labor Law as now in force, the facts in this case were for the jury to dispose of. The question of contributory negligence of the decedent is very serious; but, if that

must be determined by some jury, I apprehend the ordinary jury would be very apt to decide it as this jury did.

[3] The damages awarded are much larger than are ordinarily found in actions for death resulting from negligence, where the wages earned were no greater than that shown in this case. It looks as if the punitive factor had been added to the compensatory damages. Unless plaintiff consents to reduce the verdict to $12,000, the verdict must be set aside as excessive and a new trial ordered. If such stipulation is made, the motion for a new trial is denied.