by Hector M. Hitchings against Henry Barr and others; Ella B. Rupert, appellant. No opinion. Orders affirmed by default, with $10 costs and disbursements. See, also, 138 N. Y. Supp. 1121.

———

HOFFERBERTH v. SMITH & UHLIG CO. et al. (Supreme Court, Appellate Division, First Department. January 31, 1913.) Action by Charles Hofferberth against Smith & Uhlig Company and others. No opinion. Application denied, with $10 costs. Order signed.

———

HOGAN, Respondent, v. NEW YORK CENT. & H. R. R. Co., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Margaret A. Hogan, as administratrix, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment (136 N. Y. Supp. 1047) and order affirmed, with costs.

McLENNAN, P. J., and LAMBERT, J., dissent, upon the grounds that the defendant was not shown guilty of actionable negligence, and that the plaintiff's intestate was guilty of contributory negligence as matter of law.

———

HOLLANDER, Respondent, v. MELNICK, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 22, 1913.) Action by Abram Hollander against Abraham Melnick. No opinion. Judgment affirmed, with costs.

———

HOOKER, Respondent, v. SHARRETT, Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1913.) Action by Thomas Hooker against Clinton J. Sharrett. No opinion. Judgment affirmed, with costs.

———

HORN v. BREAKSTONE. (Supreme Court, Appellate Division, First Department. January 17, 1913.) Action by Joseph Horn against Isaac Breakstone. No opinion. Application denied, with $10 costs. Order signed. See, also, 75 Misc. Rep. 343, 133 N. Y. Supp. 285.

———

HOUGH, Respondent, v. F. W. WOOLWORTH & CO., Appellants. (Supreme Court, Appellate Division, Third Department. December 30, 1912.) Action by William J. Hough against F. W. Woolworth & Co. No opinion. Judgment and order unanimously affirmed, with costs.

———

HOURIHAN, Respondent, v. DELAWARE, L. & W. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 30, 1912.) Action by Patrick Hourihan, as administrator, etc., against the Delaware, Lackawanna & Western Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

SMITH, P. J., dissents, upon the ground that there is no evidence upon which the jury was authorized to find substantial damages. HOUGHTON, J., not sitting.

———

HUNTER v. CITY OF ALBANY. (Supreme Court, Appellate Division, Third Department. January 16, 1913.) Action by Charles F. Hunter against the City of Albany. No opinion. Motion granted, with costs, unless, within 40 days, appellant serves printed papers on appeal, and, if so served, motion denied, without costs.

———

HURWITZ, Respondent, v. BERNSTEIN, Appellant. (Supreme Court, Appellate Division, Second Department. January 28, 1913.) In the matter of proceedings supplementary to execution in an action by Jacob Hurwitz against Hyman Bernstein. No opinion. Motion denied, on condition that appellant perfect his appeal, place the cause on the next calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

———

HYAMS v. MORISON et al. (Supreme Court, Appellate Division, First Department. January 31, 1913.) Action by Edwards Hyams against Margaret Morison and others. C. A. Baker, of New York City, for appellants. B. N. Cardozo, of New York City, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

———

In re HYDE. (Supreme Court, Appellate Division, First Department. January 17, 1913.) In the matter of Charles H. Hyde. No opinion. Respondent disbarred. Order filed.

———

INGALLS, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Cora Ingalls against the Erie Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held that, while the defendant was under the same obligation to maintain the crossing for the use of the Ingalls farm as it was for the use of the Baker farm, yet the evidence fails to show that the defendant was guilty of negligence in the maintenance of the crossing which was the proximate cause of the accident.

FOOTE, J., concurs in result only, upon the ground that the occupants of the Ingalls farm had the use of the crossing either as licensees or as a way of necessity, and that in either