## MUSTAVOI v. ST. JOHN THE BAPTIST FOUNDATION.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. LANDLORD AND TENANT ⚚➡164(4)—PERSONAL INJURIES TO TENANT—NEG-
LIGENCE—EVIDENCE—STATUTE.

The failure of the owner of tenement premises to comply with Tene-
ment House Law (Consol. Laws, c. 61) § 76, requiring the keeping of
lights burning in hallways from sunset to sunrise, is evidence of such
owner's negligence in an action against him by a tenant for personal in-
juries received in falling downstairs.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 633;
Dec. Dig. ⚚➡164(4).]

2. TRIAL ⚚➡165—NONSUIT.

On motion for a nonsuit, plaintiff is entitled to the most favorable in-
ferences to be drawn from the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec.
Dig. ⚚➡165.]

3. LANDLORD AND TENANT ⚚➡169(11)—INJURIES TO TENANT—CONTRIBUTORY
NEGLIGENCE—QUESTION FOR JURY.

In an action against the owner of tenement premises for injuries to a
tenant, who fell downstairs, where the evidence showed that plaintiff
was proceeding carefully down, while the hallway was unlighted, in vio-
lation of Tenement House Law, § 76, the issue of contributory negligence
was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
646, 667, 684; Dec. Dig. ⚚➡169(11).]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Sonia Mustavoi against the St. John the Baptist Founda-
tion. From a judgment dismissing the complaint at end of plaintiff's
case, she appeals. Judgment reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHIT-
AKER, JJ.

Herman Turkel, of New York City, for appellant.
Amos H. Stephens, of New York City, for respondent.

COHALAN, J. This action was brought to recover damages for
personal injuries. On the 2d of June, 1915, the plaintiff, a tenant in
the tenement house of the defendant, attempted to descend a flight of
stairs therein, and fell down 16 steps, in consequence of which she
sustained certain severe injuries. At the time of the accident she
held an infant in her right arm, had her left hand on the banister, and
was proceeding from the third to the second floor. Although it was
in the evening, there was no light burning in the hallway, in violation
of section 76 of the Tenement House Law.

[1] The failure to comply with this statute is evidence of negli-
gence on the part of the defendant. Schindler v. Wells & Zerweck,
145 App. Div. 532, 130 N. Y. Supp. 344; Bornstein v. Faden, 149
App. Div. 37, 133 N. Y. Supp. 608, affirmed 208 N. Y. 605, 102 N.

⚚➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. 1099; Kenney v. Rhinelander, 28 App. Div. 247, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114.

[2, 3] The complaint was dismissed at the close of the plaintiff's case, on the ground that she had failed to establish her freedom from contributory negligence. The evidence showed that the plaintiff was proceeding carefully down the stairway. She was entitled in a non-suit to the most favorable inferences to be drawn from the evidence, and the court was not warranted in disposing of the issue of contributory negligence as matter of law, but should have submitted it to the jury, to be determined by them as one of fact.

Judgment reversed, and new trial ordered, with $30 costs in one action to appellant to abide the event. All concur.