IRENE HEINBERG, Appellant, *v.* SIKORA REALTY CORPORATION, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Negligence — landlord and tenant — lighting halls and stairways — Tenement House Law, § 76.

> Under section 76 of the Tenement House Law the landlord of a tenement house in the city of New York must keep the halls and stairways adequately lighted.

> Where plaintiff, a tenant in defendant's tenement house in the city of New York, upon leaving her apartment after sunset on February 1, 1919, found the hallway of her floor and the stairway leading therefrom in total darkness, and upon carefully approaching the stairway and reaching for the balustrade she missed her step and fell down the stairway, a judgment dismissing upon the merits the complaint in an action to recover for personal injuries, will be reversed and a new trial granted,

Appellate Term, First Department, February, 1920. [Vol. 110.

Appeal by plaintiff from a judgment dismissing the complaint upon the merits after a trial by a judge in the Municipal Court of the City of New York, borough of the Bronx, second district, without a jury.

Max Gross, for appellant.

Nadal, Jones & Mowton (Harry J. Laragh, of counsel), for respondent.

Bijur, J. Plaintiff sued for injuries received while a tenant in defendant's tenement house. On the 1st of February, 1919, after sunset, she endeavored to leave her apartment and found the hallway of her floor and the stairway leading therefrom in total darkness. She approached the stairway carefully, and in reaching for the balustrade missed her step and fell down the stair-way causing injuries for which she sues. The respondent endeavors to sustain the judgment upon the theory that, conceding defendant's liability for violation of section 76 of the Tenement House Law requiring the hallway and stairs to be kept illumined by burning lights, plaintiff was guilty of contributory negligence as matter of law because she continued her endeavor to leave her apartment notwithstanding the darkness and without procuring a light. In support of this proposition, defendant cites, among others, the cases of *Piper* v. *New York Central & H. R. R. R. Co.,* 156 N. Y. 224 (which of course was not concerned with a tenement house), *Brugher* v. *Buchtenkirch,* 167 id. 153 (in which the opinion particularly described the building as " not subject to the Tenement House Law "), and *Rohrbacher* v. *Gillig,* 203 id. 413 (in which the building in which the accident occurred is described as a business building; moreover, in the last two cases it was not a tenant that was injured). The principal case cited by

respondent which appears to support its contention is *Lather* v. *Bammann,* 122 App. Div. 13, in which the decision was concurred in by three of the five justices. In that case (as in *Baumler* v. *Wilm,* 136 App. Div. 857), there were peculiar circumstances which may explain the result arrived at. The tenant was not endeavoring to leave his apartment, but was merely seeking to place a light in his bathroom on that floor, and in the course of that attempt closed the door of the apartment in which there was ample light to illumine the hallway and thus plunged it into total darkness. Although the respondent says in his brief that the plaintiff, Lather, appealed to the Court of Appeals where his appeal was dismissed, he gives no citation to justify that statement and I can find none. In the *Baumler* case there was another and safe stairway open to the plaintiff. Whatever may be the merits of the decisions there arrived at upon the question here presented there can be no doubt of the significance of the recent cases of *Schindler* v. *Welz & Zerweck,* 145 App. Div. 532, 534 (a case cited by respondent), and notably of *Bronstein* v. *Faden,* 149 id. 37; affd., 208 N. Y. 605. These cases have restored the validity of the principle adopted in *Kenney* v. *Rhinelander,* 28 App. Div. 246; affd., 163 N. Y. 576, and *Lee* v. *Ingraham,* 106 App. Div. 167, which hold that the mere fact that a tenant persists in using the halls and stairways of a tenement or apartment house while they are in darkness does not as matter of law charge him with contributory negligence, but that if he exercises adequate care notwithstanding the darkness he may show himself to be free from contributory negligence as matter of fact. It is difficult to escape the conclusion that such ruling is inevitable in face of the requirement of the Tenement House Law that the *landlord* shall keep the halls and stair-

Appellate Term, First Department, February, 1920. [Vol. 110.

ways adequately lighted. Any other holding would virtually repeal or amend the law by placing the burden of keeping the halls and stairways lighted not upon the landlord, as it explicitly does, but upon the tenant for whose benefit the requirement has been enacted. If a tenant must at his peril use the dark hall and stairways which the landlord maintains in violation of the positive enactment to the contrary, it is quite plain that the duty is shifted from the shoulders of the landlord, where the law has placed it, to those of the tenant.

Guy and Wagner, JJ., concur.

Judgment reversed, and new trial granted, with thirty dollars costs to appellant to abide event.