■ WILLIAM PIERPONT et al., Respondents, v. WASIL BUSA, Appellant.— STALEY, JR., J. Appeal from a judgment of the Supreme Court, Broome County, which awarded the plaintiff, Sybil Pierpont, the sum of $4,575 and the plaintiff, William Pierpont, the sum of $6,450.21. The plaintiffs occupied a second floor apartment in a six-family apartment building owned by the defendant. The stairway from the second floor went part way down to a landing and then, after making a right turn, continued down to the main floor. A handrail was provided from the second floor, which terminated three steps above the landing. A bannister or casing extended from the end of the handrail to the top of the next-to-last step. On March 8, 1964, at approximately 5:40 P.M., the plaintiff was descending the stairway from the second floor, when she missed the last step before the mid-floor landing, and fell to the landing. As the result of the fall, she suffered a comminuted fracture of the left hip with dislocation of bones in the forefoot and also small fracture fragments in several bones involved in the dislocation. Although it was daylight at the time of the accident, the skies were gray and overcast. Two windows at the top of the stairs were high silled and had shades which were half down. The light from these windows did not reach the stairs near the

landing, nor did any light reach this area from the front door of the building. The plaintiff, Sybil Pierpont, testified that she held the railing as she descended the stairs; that, as she started down the stairs, she could see the steps fairly well; that, as she was proceeding down, it got darker; that she held on the casing or bannister where the railing ended, and that, when the casing ended, she thought she was on the landing and stepped forward, missing the last step and fell to the landing. She also testified that she could not distinguish the last steps, since the steps and landing were covered with a black runner. Admittedly no artificial illumination was provided, and the light switches for the stairway were in the cellar and under the complete control of the defendant landlord. Section 32 of the Multiple Residence Law and the City of Binghamton Ordinances, which are applicable here, require that stairways and public hallways be adequately lighted at all times. The plaintiffs' claim of negligence rests primarily on a failure to provide adequate light, and the defense is grounded on questions of proximate cause and contributory negligence. It was not contributory negligence as a matter of law to use the stairway knowing it was not lighted, for the plaintiffs had the right to use it. (*Brown* v. *Wittner*, 43 App. Div. 135; *Bornstein* v. *Faden*, 149 App. Div. 37; *Reider* v. *Whitebrook Realty Corp.*, 23 A D 2d 691.) The question of whether the defendant negligently failed to provide adequate lighting as required by statute was a question to be considered by the jury. (*Major* v. *Waverly & Ogden*, 7 N Y 2d 332.) The issue of plaintiff's contributory negligence was also a question for the jury. (*Reider* v. *Whitebrook Realty Corp.*, *supra*; *Spencer* v. *Curry*, 13 A D 2d 969.) These questions were resolved by the jury in favor of the plaintiffs. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.